[No. 6109.]

# T. W. TERRY, DOING BUSINESS UNDER THE NAME AND STYLE OF T. W. TERRY & CO. *v.* JOHN W. HAMMOND AND J. A. HAMMOND.

PROMISSORY NOTE — CONTEMPORANEOUS AGREEMENT AS A DEFENSE.—Where, in an action upon a promissory note which was dated November 20th, 1876, and upon its face matured six months after date, the answer alleged that the note was given in payment of a balance of the purchase price of a business sold by the plaintiff to the defendants, and that at the time of the making of the note the parties agreed in writing that the payment covered by the note (without mentioning the note) should not bear interest for the first six months, nor be due in fact until eighteen months after date: *held*, that the defense was valid.

APPEAL from the District Court of the Fifth Judicial District, Stanislaus County.

Action on a promissory note for five hundred dollars, dated November 20th, 1876, due by its terms six months after date. The answer admitted the making of the note, but alleged in the subdivisions referred to in the opinion that it was given to cover a payment to be made as part of the purchase price of a business bought by the defendants from the plaintiff; and that at the time of making it a written agreement was entered into by the parties, by which the plaintiff sold his business to the defendants for the sum of eight thousand three hundred and forty dollars and ninety-four cents, which the contract stipulated should be paid as follows: " And the parties of the second part

agree to pay the parties of the first part three thousand dollars upon the signing of this contract, and the balance in payments not to exceed five hundred dollars, (without interest for the first six months) and the first payment shall not be due until eighteen months after date, and to have thirty days' notice on each and every payment, and from four to six months' time (between payments) before making another demand, with interest on the same at the rate of one per cent. per month, and with the privilege of buying the building after the expiration of the two years."

The answer also alleged that the note was given at the request of plaintiff to cover the first payment, with the understanding that it should not bear interest for the first six months, and should not be due until eighteen months after date. On motion of the plaintiff the Court struck out subdivisions five and six of the answer, setting up this defense, and the defendant declining to amend, judgment was rendered for plaintiff, whereupon the defendants appealed.

*Terry, McKinne & Terry*, and *Hewell & Turner*, for Appellants.

In an action on a promissory note, any detached writing entered into at the time of the execution of the note is admissible in evidence as part of the same contract. (2 Parsons on Notes and Bills, 534, 536, and 537; *Darlin* v. *Hill*, 11 Maine, 434; *Stocking* v. *Fairchild*, 5 Pick. 181; *Bailey* v. *Cromwell*, 3 Scam. 71; *Kimball* v. *Grover*, 11 N. H. 375; *Goodwin* v. *Nickerson*, 51 Cal. 166.) The answer sets out the contract for the purchase of the stock of goods by defendants from plaintiff, and alleges that the note was given for the sole purpose of showing the amount due after the payment of the first installment under said contract. Taking the allegations of the answer to be true, the promise to pay in six months was without consideration to support it. There was neither gain or benefit to the makers, nor loss or injury suffered by the payee. This want of consideration could be established by parol evidence. (1 Parsons on Bills and Notes, 194.) The agreement set out in the

answer was a part of the note. (2 Parsons on Notes and Bills, 539–553; *Brannan* v. *Mesick*, 10 Cal. 106.)

*Geo. W. Schell*, for Respondent.

The rule of law is well established, that parol evidence cannot be admitted to alter, vary, or control a written contract; nor to annex thereto a condition or defeasance not appearing in the contract itself; nor to show that the parties intended a different contract from that expressed in the writing signed by them. (*Underwood* v. *Simonds*, 12 Met. 277; *Buckley* v. *Bentley*, 48 Barb. 283; 2 Wharton's Evidence, sec. 1058; *Forsythe* v. *Kimball*, 91 U. S. 291; *Burt* v. *Tilley*, 49 Barb. 599; 2 Parsons on Notes and Bills, 501–4; 2 Wait's Law and Practice, 2nd ed. p. 450.)

Even if the alleged agreement in the case under discussion had distinctly referred to the note sued on, which it did not do, it would be no bar to the action, and the note would still be payable at its expressed maturity. (*Dow* v. *Tuttle*, 4 Mass. 414; *Shed* v. *Pierce*, 17 Mass. 623; *Central Bank* v. *Willard*, 17 Pick. 150; *Porter* v. *Pierce*, 2 Foster, 275; *Chandler* v. *Herrick*, 19 Johns. 129; *Winans* v. *Huston*, 6 Wend. 472; *Atwood* v. *Lewis*, 6 Mo. 392; *Bircher* v. *Payne*, 7 Mo. 462.)

By the COURT:

The fifth and sixth subdivisions of the amended answer, and Exhibit A referred to therein, presented a valid defense to the action, and the Court below erred in striking out those portions of the answer and in sustaining the demurrer thereto.

Judgment reversed, and cause remanded, with an order to the Court below to set aside the order striking out those portions of the amended answer, and to overrule the demurrer thereto. Remittitur forthwith.