Filed Jan. 30, 1896.

---

No. 1,614.

## MADER *v.* COOL.

PROMISSORY NOTE.—*Consideration.*—The agreement of one previously bound not to sell certain buggies at a certain place, to the same effect, made to procure the execution of a note, is not sufficient consideration to sustain the note.

SAME.—*Consideration.—Gift.*—A note given without consideration cannot be regarded as an executed gift because made payable in bank.

SAME.—*Payment to Innocent Holder.—Assumpsit.—Consideration.*—Payment by the maker of a note of the amount thereof to an innocent holder cannot be deemed a voluntary payment which will prevent recovery from the payee for the amount paid, where the note was without sufficient consideration, and such defense was lost by its transfer to an innocent purchaser.

SAME.—*Payee Without Consideration.—Transfer to Innocent Purchaser.—Liability to Maker.*—A payee of a note without consideration, who transfers it to an innocent purchaser, becomes liable to the maker in a proper action for the loss accruing.

From the Cass Circuit Court.

*Winfield & Taber*, for appellant.

*Nelson & Myers*, for appellee.

GAVIN, C. J.—Appellant sued appellee before a jus-

tice of the peace, for a balance due upon a contract. Appellee answered by general denial, set-off and payment, he recovered in the justice's court, and also in the circuit court. The only errors argued here are presented by the motion for new trial.

There is evidence to sustain the following state of facts: Upon March 20, 1893, the parties were partners in the manufacture and sale of buggies, etc., at Logansport. Upon that day the partnership was dissolved, and all matters between the parties settled; appellee purchasing appellant's interest in the business. As a part of the settlement, appellee executed to appellant the contract sued on, calling for $1,261 in buggies. It was also a part of the terms of settlement that appellant should not sell the buggies at Logansport.

Upon the next day appellant expressed dissatisfaction with the settlement, declaring that he had lost money and wanted the matter fixed up, threatening that he would make trouble for appellee by talking to his men about him, thereby causing them to quit work, and that he would retail at Logansport the buggies which Cool had sold to him. After some discussion Cool finally agreed to give him $100 in six months if he would go away and leave him alone and mind his own business, and to give a note for it if appellant would keep it until it was due. Thereupon the note was executed, and in a few days sold to one who seems to be conceded to have been an innocent purchaser for value before maturity, to whom appellee was compelled to pay the $100. The sum thus paid appellee set off against the balance due appellant under the contract. Appellant did, in a few days after the taking of the note, talk disparagingly to appellee's men about him, although, so far as appears, without material effect, and did not sell the buggies at Logansport.

Mader *v.* Cool.

Taking the evidence of both Mader and Cool in connection with their conduct, we are of opinion that the jury was authorized to find that appellant did agree, at the time of the settlement, that he would not sell the buggies at Logansport, and that the sole consideration for the note executed on the next day was the agreement of appellant to go away from there and leave him alone, by which was meant not to sell the buggies at Logansport, and not to interfere with appellee's workmen. Appellant claimed the note was given for borrowed money, but the jury evidently found against him on this proposition.

Appellant complains of the admission of evidence that at the time appellee agreed to give the note, appellant agreed that he would keep it. This was in fact a part of the conversation occurring at the time of the execution of the note, closely and directly connected with it, so blended with that part of the conversation which showed the consideration of the note, that conceding it was not admissible as an independent fact, we are wholly unable to see, under the circumstances of this case, how it could have been harmful to appellant, nor have appellant's counsel in their brief indicated to us how he was injured thereby.

The appellant asked that certain instructions be given directing the jury that if part of the consideration of the $100 note was appellant's agreement not to sell the buggies in Logansport, this was a valid agreement, and, if carried out, furnished some consideration for the note, so that there was not a total failure or want of consideration for the note. Assuming, without deciding, that such an agreement, disconnected with any sale of business or of the goods themselves, was valid, the instructions are, nevertheless, faulty in this, that they wholly ignore and fail to negative the proposition that

appellant was at this time already bound to do this very thing, as to which there was some evidence. If appellant was in fact bound by his agreement of the day before, not to sell these buggies at Logansport, then his agreement to the same effect made to procure the execution of the note, would not be a sufficient consideration to sustain the note. *Beaver* v. *Fulp*, 136 Ind. 595; *Shortle* v. *Terre Haute, etc., R. R. Co.*, 131 Ind. 338; *Henes, Admr.*, v. *Henes*, 5 Ind. App. 100.

The modifications of one of appellant's instructions were not such as injured him. While the latter part of the modification is not most accurately expressed, still, we do not believe the jury could have been misled by it. Taking the instruction altogether it was more favorable to appellant than he was, for the reasons above given, entitled to ask. This modification only laid down a general principle. It could not be fairly construed to mean that if the consideration only partly failed, appellee could recover for that part which had failed. On the contrary, what was intended evidently was that where the consideration of a note fails in part only, there may be recovery by the holder for that part as to which the consideration has not failed.

The instructions given have been set out by counsel, and there have been some incidental references to them, but no points of objection thereto have been made and argued. We have not, therefore, taken them up.

We cannot accede to appellant's proposition that because the note was payable in bank it must, if given without any consideration, be regarded as an executed gift. Nor can we agree that appellee's payment to an innocent holder can be deemed a voluntary payment and the money thus paid not recoverable for that reason. The note having been executed to appellant without any sufficient consideration therefor, appellee would have

had to it a good defense in his hands.   By the transfer of the note to an innocent purchaser, this defense was lost, and appellee compelled to pay the note.   Appellant thereupon became liable to appellee in a proper action for the loss thus accruing to him. *Richardson* v. *Richardson*, 148 Ill. 563 (26 L. R. A. 305); *Nashville Lumber Co.* v. *Fourth Nat'l Bank*, 94 Tenn. 374 (27 L. R. A. 519); *Smith* v. *Cuff*, 6 Maule and Sel. 160 : *Horton* v. *Riley*, 11 M. &. W. *492 ; *Farnham* v. *Benedict*, 107 N. Y. 159; *Comstock* v. *Hier*, 73 N. Y. 269; *Baker* v. *Brem*, 103 N. C. 72 (4 L. R. A. 370).

Judgment affirmed.

Ross, J., absent.

Filed January 31, 1896.