TALBOTT, APPELLANT, *v.* HEINZE ADMINISTRATOR, RESPONDENT.

(No. 1,196.)

(Submitted April 27, 1900. Decided January 21, 1901.)

*Bills and Notes—Failure of Consideration—Contemporaneous Contracts—Time as Essence—Evidence—Failure of Proof—Allegations and Proof—Correspondence.*

1.   A note sued on was given in consideration of the written contracts of the payee, made a few days before the date of the note, that he would, on or before a certain day, purchase or procure a purchaser for the maker's interests in certain mines at a stated price, and that, if he failed so to do, the maker would be absolved from all liability to convey such interests. *Held,* that these contracts were admissible, under Civil Code, Sec. 2207, as

relating to the same matters as the note in suit between the same parties, and as parts of substantially one transaction.

2    Where a note was given in consideration of the payee's written promise to pay a stated amount for the maker's interest in certain mines before a stated time, such time being expressly declared to be of the essence of the agreement, or that otherwise the maker would be released from all liability to convey such interests, failure to show that the interests were sold within the prescribed time and for the stated price, or a waiver of such conditions, was fatal to a suit on the note.

3.   Where a note sued on was payable only on the sale of the maker's interests in certain mines according to the terms of certain contracts made with the payee, an offer to prove that, after a sale of such interests, which did not occur until the time expressly limited by the contracts had expired, the maker had acknowledged the note, and promised to pay it, was an effort to prove a different contract, and inadmissible.

4.   Allegations and proofs must correspond.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

ACTION by James A. Talbott against F. Augustus Heinze, as administrator of the estate of James Larkin, deceased. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Mr. George A. Clark,* for Appellant.

*Mr. C. P. Drennen,* for Respondent.

MR. JUSTICE PIGOTT delivered the opinion of the Court.

The subject of this action, as alleged in the complaint, is a supposed contract, or promissory note payable upon condition, of which the following is a copy:

"BUTTE CITY, MONTANA, October 1st, 1891.

"For value received, I promise to pay to Robert C. Burton the sum of five thousand dollars upon sale of the Snohomish or Tramway mines, said mines being in Summit Valley mining district, Silver Bow county, Montana, and under bond to said Robert C. Burton.          "JAMES LARKIN,

"JAMES A. CUMMINGS,

"Witness."

The plaintiff, as assignee of the note, sued to recover the amount thereof, the complaint stating that on the 4th day of

May, 1893, Larkin sold and conveyed the Snohomish and Tramway mines to the Butte & Boston Mining Company; that thereafter Larkin was judicially declared to be of unsound mind and the defendant Largey was appointed guardian of his person and estate; that on the 12th day of May, 1896, the plaintiff presented to the guardian his claim against Larkin upon the note, which claim the guardian rejected by omitting to take action thereon within ten days after its presentation; and that no part .of the note has been paid. The defendants in their answer denied that Larkin executed or delivered the note, and alleged that if Larkin made the note the only consideration for it was an agreement on the part of Burton, the payee, to sell for Larkin his interest in the Tramway mine for the sum of $65,000, and by such sale to obtain for Larkin that sum on or before the 10th day of May, 1892, and to sell for him his interest in the Snohomish mine for the sum of $25,000, and upon such sale to obtain for him that sum on or before the day last mentioned; that Burton never effected such sale of the interest of Larkin in either the Tramway or Snohomish lode claim and never obtained for him the price of $65,000 for his interest in the Tramway, nor the sum of $25,000 for his interest in the Snohomish mine; that Burton wholly failed to comply with the terms of his agreement to effect a sale of the lode claims, whereby the consideration of the note wholly failed and the note is without consideration. The answer contained another defense which need not be stated. In reply the plaintiff denied that the consideration of the note was in whole or in part an agreement of Burton to sell for Larkin his interest in the Tramway mine for $65,000, and by the sale to obtain for Larkin that sum on or before the 10th day of May, 1892, or any other day, and to sell and obtain for Larkin the price of $25,000 for his interest in the Snohomish lode claim on or before May 10, 1892, or any other date; he denied that the only, or any part of, the consideration for the note was an agreement of Burton to sell and obtain for Larkin any fixed sum for both or either of the mines or on or before any date. There was a verdict and judg-

ment for the defendants. The plaintiff appeals from an order refusing a new trial and from the judgment. Since the taking of the appeal, Larkin, and Largey, his guardian, have died and F. Augustus Heinze, as administrator of the estate of Larkin, has been substituted in their stead as the defendant and respondent.

Although twenty-three alleged errors are specified, the consideration of two of them suffices to raise a question the answer to which will obviate the necessity of determining any other point. It is, conceded that prior to May 4, 1893, Larkin was the owner of an undivided two-thirds interest in the Tramway lode claim and of an undivided one-half interest in the Snohomish lode claim, the remaining interests being then owned by one McNamara. Burton, who was called as a witness for the plaintiff, testified that "the foundation for the giving of the note in suit" was the written leases and contracts, hereinafter described, dated September 26, 1891, entered into between Larkin and himself in respect of the Snohomish and Tramway lode claims. Before these contracts were made Burton asked Larkin to sign the note, which Larkin agreed to do, Burton further testifying that the note was intended "as a part of my commission for effecting a sale of the property under bond." The "bond" of which he speaks consists of the two contracts of September 26, 1891. It further appeared that a sale of his interest in the Snohomish and Tramway lode claims was made by Larkin to the Butte & Boston Mining Company on the 3d day of May, 1893, for the sum of $22,100, the evidence tending to prove that Burton assisted in bringing about the sale. The defendants then offered in evidence the two leases and contracts referred to by Burton in his testimony, made on the 26th day of September, 1891, five days before the date of the note described in the complaint, between Larkin and Burton, by which Larkin let to Burton for a term ending with the 10th day of May, 1892, his interests in the two mining claims, and in which Larkin promised that in the event Burton should on or before the 10th day of May, 1892, pay to him the sum of $65,000,

the purchase price agreed upon between the parties for Larkin's interest in the Tramway lode, or the sum of $25,000 for his interest in the Snohomish lode claim, or the sum of $90,000, for both interests, he would immediately upon receipt of the money convey to Burton the property so purchased. Each contract further provided that if Burton failed to pay to Larkin the purchase price mentioned therein on or before the 10th day of May, 1892, Larkin should be absolutely released from his agreement to convey and should no longer be held or bound thereby, time being declared to be of the essence of the agreement to convey. The time prescribed in the lease and agreement with respect to the Snohomish lode claim for performance by Burton of the conditions was extended so as to include October 1, 1892. The defendants also offered in evidence two contracts dated September 26, 1891, between McNamara and Burton containing the same provisions as those set out in the contracts between Larkin and Burton, except that the interests which McNamara promised conditionally to convey were one-half and one-third, respectively, in the Snohomish and Tramway lode claims, the price agreed upon therefor being $30,000 for McNamara's interest in the Snohomish and $80,000 for his interest in the Tramway. To the introduction of these four contracts the plaintiff objected upon the grounds that they were immaterial, irrelevant and incompetent, and as contradicting, altering or varying the note sued upon by evidence contained in other written agreements which do not appear to have been contemporaneous therewith. The objection was overruled, the plaintiff excepting, and the papers were received in evidence. The admission of these contracts is specified as error.

Whether the contracts between Burton and McNamara were relevant we do not inquire; if irrelevant, their admission did not prejudice the plaintiff. The contracts between Larkin and Burton of September 26, 1891, and the contract or note in suit related to the same matters, were between the same parties, were made as parts of substantially one transaction, and all of them were, therefore, relevant and material. They should be

taken together as one contract. This common-law rule has been incorporated into Section 2207 of the Civil Code. So reading the contract which is the subject of the action, it manifestly appears that the $5,000 therein mentioned was to be paid by Larkin to Burton only in the event that Larkin's interest in the Snohomish lode claim should, on or before October 1, 1892, be sold to or through Burton for the sum of $25,000, and his interest in the Tramway lode claim should be sold to or through Burton for the sum of $65,000, on or before the 10th day of May, 1892. There was no evidence tending to prove that a sale of either interest was made within the prescribed period, nor that the purchase prices agreed upon in the contracts of September 26th were ever paid; on the contrary, the only sale was the one of May 4, 1893, the purchase price of both pieces of property being $22,100. Time was expressly declared to be of the essence of the contract of sale; and the payment of the full sum of $90,000 was also a material and essential part of these agreements. For aught that appears in the pleadings or evidence the conditions of the contracts of September 26, 1891, had not been performed by Burton; unless these conditions were waived by Larkin, or the contract was modified or a new contract made, the plaintiff failed to make a case sufficient to go to the jury. This brings us to the only other specification of error which need be noticed:

Plaintiff offered to prove by Burton that on May 4, 1893, after the sale was made to the Butte & Boston Mining Company, the witness had a conversation with Larkin in which Larkin acknowledged the note and promised to pay it. An objection to the offer as an attempt to prove a contract other than the one sued upon was sustained, the plaintiff excepting. In this there was no error. The subject of the action was the note of October 1, 1891, which, as the evidence disclosed, was payable by Larkin only upon the performance by Burton of certain conditions expressed in two other contracts of date September 26, 1891; the cause of action stated was the alleged breach by Larkin of the supposed obligation imposed upon him to pay $5,000 upon a

sale being made of his interests in the mines at any time whensoever and at any price whatsoever. The plaintiff's offer was an effort to prove a subsequent contract by which Larkin waived the performance by Burton of the conditions imposed upon him, and not the contract upon which the action was based. The plaintiff counted upon one contract and sought to prove a different contract as the basis of his action. No new contract was pleaded, nor was it alleged that Larkin had waived the performance of the conditions as to time and price. The allegations and proofs must correspond. The conditional liability of Larkin under the contracts of September 26 and the note of October 1, 1891, had ceased by the very terms of the contracts themselves before the day—May 4, 1893—when Larkin's interests in the lode claims were sold for $22,100, instead of $90,000. A plaintiff must recover for the breach of the contract forming the basis of his action, and will not be permitted to prove as his cause of action the breach of a different contract. Although the evidence offered would, if received, have tended to support the averment that Larkin executed the note, yet this could not have aided the plaintiff, for upon the pleadings and admitted facts he was not entitled to submit the case to the jury. Though the defendants had conceded that Larkin made the note, the vital defect in the case would still exist. The liability of Larkin depended upon the performance or fulfillment of certain conditions by Burton; Burton confessedly failed to perform them.

Being of the opinion that upon the evidence the plaintiff did not make, and that under the pleadings and his offers of evidence, he could not have made, a sufficient case to go to the jury, we refrain from deciding any of the other questions presented by the record.

The judgment was clearly in favor of the party entitled to it. The order refusing a new trial and the judgment are therefore affirmed.

*Affirmed.*