F. B. MYRICK v. FRANK W. PURCELL and Others.[1]

June 9, 1905.

Nos. 14,257—(44).

**Construction of Instruments.**

Instruments executed at the same time, by the same parties, for the same purpose, and in the course of the same transaction, are, in the eye of the law, one instrument, and will be read and construed together, as if they were as much one in form as they are in substance.

**Promissory Note—Unwarranted Sale.**

The remedy of the maker of promissory notes which have been sold by the payee to an innocent purchaser for value in direct violation of the contract of the parties, derived from a construction of the terms of the notes and of a contemporaneous written agreement, is an action for damages for the amount of the notes, with interest.

Action in the district court for Rock county to recover $3,000, and interest, for negotiating in violation of a contemporaneous contract between the parties, six promissory notes of $500 each made by plaintiff to defendants, which notes coming into the hands of innocent parties plaintiff was obliged to pay. From an order, P. E. Brown, J., overruling a demurrer to the complaint, defendants appealed. Affirmed.

*A. J. Daley,* for appellants.

*Jay A. Kennicott* and *Bates & Parliman,* for respondent.

JAGGARD, J.

To the amended complaint of the plaintiff and respondent herein, the defendants and appellants demurred on the ground that that complaint did not state facts sufficient to constitute a cause of action. From an order overruling the demurrer, this appeal was taken.

The complaint set forth that the defendants sold an interest in certain letters patent, covering the Purcell Voting Machine, to the plaintiff, for the consideration of six negotiable promissory notes of $500 each. At the time of their execution, a written agreement was entered into between all parties that the notes should not be paid by the plaintiff;

[1] Reported in 103 N. W. 902.

that he should not be liable in any manner thereon until the plaintiff's share of the net proceeds arising from the manufacture and sale of the Purcell Voting Machine, or of the right to manufacture or vend said invention, should amount to the aggregate sum of the promissory notes and interest thereon; that the said notes should be paid out of the plaintiff's share of such net proceeds; and that the defendants would not sell or dispose of the notes, or any of them, but would retain and hold them all until they were paid out of the plaintiff's share of profits. No voting machines were ever manufactured or sold; no right to manufacture or sell the same was ever sold; no profits of any kind were ever realized therefrom. Before their maturity, all of said notes were sold to innocent purchasers for value, and plaintiff paid or settled the same.

1. "Instruments executed at the same time, for the same purpose, and in the course of the same transaction, are, in the eye of the law, one instrument, and will be read and construed together, as if they were as much one in form as they are in substance." Collins, J., in White v. Miller, 52 Minn. 367, 372, 54 N. W. 736; Brackett v. Edgerton, 14 Minn. 134 (174). This principle is applied to cases where negotiable instruments and a written agreement are executed at the same time by the same parties. The resulting contract is to be determined by a construction of both in accordance with conventional rules. Fellows v. Carpenter, Kirby (Conn.) 364; Montgomery v. Hunt, 93 Ga. 438, 21 S. E. 59; Woodward v. Mathews, 15 Ind. 339; Wood v. Ridgeville, 114 Ind. 320, 16 N. E. 619; Elmore v. Hoffman, 6 Wis. *68; Davis v. Brown, 94 U. S. 423; 7 Cyc. 626; 4 Am. & Eng. Enc. (2d Ed.) 144, et seq.; Jacobs v. Mitchell, 46 Oh. St. 601, 22 N. E. 768; Sutton v. Beckwith, 68 Mich. 303, 36 N. W. 79; McNamara v. Gargett, 68 Mich. 454, 36 N. W. 218; Goodwin v. Nickerson, 51 Cal. 166; Terry v. Hammond, 53 Cal. 120; Jones v. Keyes, 16 Wis. 585; State Bank v. Cook, 125 Iowa, 111, 100 N. W. 72; Talbott v. Heinze, 25 Mont. 4, 63 Pac. 624; Rogers v. Smith, 47 N. Y. 324; Treadwell v. Archer, 76 N. Y. 196; Cabbell v. Knote, 2 Kan. App. 68, 43 Pac. 309; American v. Wood, 90 Me. 516, 38 Atl. 548. If, as a result of such construction, the bill or note is payable out of funds to be raised or collected, liability thereon does not attach until the funds have been raised. See cases collected in 7 Cent. Dig. § 319, cols. 534–538.

The defendants cite some cases which they insist are inconsistent with these rules: Dow v. Tuttle, 4 Mass. 414; Sexton v. Wood, 17 Pick. 110; Pitkin v. Frink, 8 Metc. 12, 18; Hodgkins v. Moulton, 100 Mass. 309. We think they are distinguishable, but if not, they are opposed to the better reasoning and the overwhelming weight of authority. Accordingly, as between the parties here, the defendants had no right to negotiate the notes given by the plaintiff.

2. The remedy of the maker of promissory notes which have been sold by the payee to an innocent purchaser for value in direct violation of the contract of the parties, derived from a construction of the terms of the notes and of a contemporaneous written agreement, is an action for damages for the amount of the notes with interest. Decker v. Mathews, 12 N. Y. 313; Comstock v. Hier, 73 N. Y. 269; Thayer v. Manley, 73 N. Y. 305; Farnham v. Benedict, 107 N. Y. 159, 13 N. E. 784; Fahey v. Esterley, 3 N. Dak. 220, 55 N. W. 580; Canham v. Plano, 3 N. Dak. 229, 55 N. W. 583. Accordingly, the demurrer should have been overruled in this case. The conclusion here reached is the same as that set forth in Serviss v. Stockstill, 30 Oh. St. 418, upon facts essentially identical with those here involved.

Order appealed from affirmed.