F. B. MYRICK v. FRANK W. PURCELL and Others.[1]

December 14, 1906.

Nos. 14,869—(36).

**Amendment of Complaint.**

Action to recover damages for the breach of an alleged written contract whereby the defendants agreed that six promissory notes given them by the plaintiff, for an interest in letters patent covering a voting machine, should be paid only out of the profits realized from the manufacture and sale of the machine and from a sale to others of the right to manufacture and sell it, and that they would retain the notes until so paid. *Held*, the trial court did not err in permitting the plaintiff to amend his complaint, nor in permitting the plaintiff to testify to conversations with a deceased defendant, who had testified as to such conversations on a former trial and whose testimony had been preserved.

**Joint Obligation—Action for Breach.**

The agreement was the joint obligation of the defendants and a joint recovery against them for its breach was proper, although two of the notes were payable to each of the three defendants.

**Same.**

The fact that a corporation was organized with the acquiescence of all of the parties for the purpose of acquiring the whole interest in the patent, to which the plaintiff and defendants assigned their respective interests and received therefor their proportionate share of the stock of the corporation, did not terminate the defendants' liability under the contract. Nor was evidence of the value of the stock material.

Action in the district court for Rock county to recover $3,000 for a breach of a contract. The case was tried before P. E. Brown, J., and a jury, which returned a verdict in favor of the plaintiff for the sum demanded. From a judgment entered pursuant to the verdict, defendants appealed. Affirmed.

*A. J. Daley* and *A. R. Pfau,* for appellants.

*Jay A. Kennicott* and *Bates & Parliman,* for respondent.

START, C. J.

The original complaint herein purported to allege two causes of action. The first was, in effect, for the recovery of damages in the

[1] Reported in 109 N. W. 995.

sum of $3,000 alleged to have been sustained by the plaintiff by reason of the false representations of the defendants as to the merits of a voting machine covered by letters patent, whereby the plaintiff was induced to purchase an interest in the patent and pay the defendants therefor by the delivery to them of his promissory notes in the aggregate sum of $3,000. The second cause of action was, in substance, that the defendants sold the plaintiff a one-tenth interest in the patent for which he delivered his promissory notes for $3,000; that, as a part of the same contract, it was agreed between the parties thereto that the notes should not be paid by the plaintiff until his share of the net profits arising from the manufacture and sale of the voting machines, which the defendants were to manufacture and sell, or from a sale of the right to so manufacture and sell, should amount to $3,000; that no such profits have been realized; and further, that the defendants, in violation of the agreement, sold and indorsed the notes before their maturity to innocent purchasers, and the plaintiff was compelled to pay the notes, to his damage in the sum of $3,000.

The plaintiff made a motion to amend his complaint which was granted by the trial court. The amended complaint omitted the first cause of action and added allegations to the second cause of action to the effect that the agreement as to the payment of the notes was in writing, and that it contained the further provision that the notes were to be paid from the plaintiff's net share of the profits, and that the defendants were not to sell the notes but they were to retain them until they were so paid. The defendants demurred to this amended complaint on the ground that it did not state facts sufficient to constitute a cause of action, and an order overruling the demurrer was affirmed by this court. Myrick v. Purcell, 95 Minn. 133, 103 N. W. 902.

The defendants then answered admitting the execution of the notes, the consideration therefor, and their sale to innocent parties, denying the alleged agreement as to their payment and alleging the organization by the parties hereto of a corporation for the purpose of acquiring the whole interest of the parties in the patent, to which the plaintiff assigned his one-tenth interest in the letters patent and received therefor one thousand shares of its capital stock of the par and actual value of $10,000, and that the defendants also assigned their interest

in the patent to the corporation and received in payment therefor their proportionate share of its capital stock.

The reply admitted and alleged that the parties organized the corporation for the purpose of acquiring the letters patent and the right to manufacture and sell the voting machines; that the plaintiff assigned his one-tenth interest in the letters patent to the corporation; that the defendants also assigned their nine-tenths interest therein to it, the plaintiff receiving for his interest one thousand shares of the capital stock and the defendants receiving for their interest nine thousand shares; and further, that such stock has never had any actual or market value.

The last trial of the cause resulted in a verdict for the plaintiff for the full amount claimed. The defendants made a motion for a new trial, which was denied, and judgment entered on the verdict, from which they appealed.

1. The defendants' first assignment of error to be considered is that the trial court erred in allowing the plaintiff to amend his complaint. They claim that the amendment was the substitution of a new cause of action different in nature and in substance from the one originally stated. The effect of the amendment was to eliminate the first cause of action and to amend the second cause of action by adding other allegations of fact. The amendment was allowed after the first trial and more than a year before the last trial of the action. Whether or not the amendment changed the nature and substance of the action is immaterial, for its allowance was a matter addressed to the discretion of the trial court. It is clear that there was no abuse of the discretion and that the allowance of the amendment was not error.

2. This action was twice tried. The first trial resulted in a disagreement of the jury, and their discharge without a verdict. On the first trial one of the defendants, Joseph R. Wright, was a witness for the defendants and his testimony was taken down by the official stenographer of the court and preserved. The witness died before the second trial, and his personal representative was substituted as a party defendant. On the second trial the plaintiff, as a witness on his own behalf was interrogated as to conversations had with Mr. Wright and the defendant Steensen. This was objected to by the defendants on the ground that Mr. Wright was dead. The attention of the court

was then called to the fact that Mr. Wright's testimony, as to such conversation, on the former trial had been preserved, and the court, after reading it, stated in effect that the conversations were quite thoroughly covered by Mr. Wright's testimony. Counsel for the defendants then made the further objection that the issues were not the same on the pending trial as on the first one, and that for such reasons the proviso to Laws 1895, p. 146, c. 27, R. L. 1905, § 4663, to the effect that an interested party might testify to conversations with a deceased party whose testimony given before his death as to such conversations, had been preserved, did not apply. The court was of the opinion that the issues were substantially the same, overruled the objection, and received the evidence. The defendants excepted to the ruling, and here assign it as error. No claim is made by the defendants that the conversations to which the plaintiff testified on the second trial were not the same as those referred to in Mr. Wright's testimony, which was offered by and received in evidence on behalf of the defendants on the last trial. An examination of such testimony fairly shows that it related to the conversations which the plaintiff was permitted to testify to, and that the court did not err in receiving the plaintiff's testimony.

3. The defendants further claim that it was error to permit a recovery against them jointly, because six notes of $500 each were given by the plaintiff for the interest in the letters patent and two of them were made payable to each of the three defendants. This was not error for the action was based upon a breach of the alleged written agreement of the defendants, which was a joint one. Such being the case it is not material how the defendants divided the notes between themselves, for, as between the plaintiff and them, the whole matter was one entire joint transaction.

4. On the trial the plaintiff sought to show that the stock of the corporation never had any value. The evidence was excluded on the objection of the defendants. Afterwards they sought to show, by witness called by them, the value of the stock, and the evidence was excluded on the objection of the plaintiff. This last ruling is assigned as error. The plaintiff claims that the evidence was immaterial, and further, that, the defendants having secured a ruling of the court excluding such evidence when it was offered by him, they are

not in a position to complain because the court adhered to the ruling which they secured. Waiving the last objection, we are of the opinion that the value of the stock was not material.

The record shows that the corporation was formed, with the acquiescence of all the parties, to acquire the entire interest in the letters patent, to manufacture and sell the voting machines, and to sell the right to others to manufacture and sell them. It was from such sources of revenue that the notes were to be paid. The defendants assigned their nine-tenths interest in the letters patent and the plaintiff his one-tenth interest to the corporation, and they severally received therefor the same proportionate share of the capital stock. The change in the form in which the plaintiff's interest in the letters patent was held did not affect the defendants' duty and liability under the written contract. Nor, under the circumstances of this case, can the plaintiff's assignment of his interest in the patent and accepting in lieu thereof the stock of the corporation be treated as a sale to others of the right to manufacture and sell the voting machines within the meaning of the written agreement.

5. The last assignment of error urged in defendants' brief is that the trial court erred in not granting their motion for a new trial on the ground of newly discovered evidence. The alleged newly discovered evidence was cumulative or impeaching, and the trial court did not abuse its discretion in denying the motion.

Judgment affirmed.