JAMES MCMILLAN, *Appellant*, v. LEWIS V. GARDNER et al., *Appellees*.

No. 17,843.

SYLLABUS BY THE COURT.

1. MORTGAGE—*Two Notes—Default on One Matures the Other—Bona Fide Holder.* A mortgage on real estate was given to secure two promissory notes, one for $925, due in six months, and one for $1775, due in three years; the second note was for part of the consideration for the sale of the real estate; the first note grew out of a separate transaction and was also secured by a chattel mortgage. The real-estate mortgage contained a provision that "if said sum or sums of money or any part thereof, or any interest thereon, is not paid when the same is due—then the whole of said sum or sums and interest thereon" shall become due. *Held*, that the failure to pay the first note when due accelerated the maturity of the second, and that one who with notice of the mortgage purchased the second note after the maturity of the first was not a holder in due course.

2. PROMISSORY NOTE PAST DUE—*Equitable Defense.* Where the holder in the situation mentioned in the preceding paragraph brings an action upon the second note the makers may assert as a defense the breach of a contract which furnished the consideration for such note and which was entered into between themselves and the original payee by which the latter bound himself to quiet the title to certain portions of the land conveyed to them.

3. ——— *Partial Failure of Consideration.* In an action on a promissory note brought by the payee or one who is not a holder in due course a partial failure of consideration may be shown under an answer which pleads a total failure of consideration.

4. ——— *Same.* In such an action where the proof shows that the loss occasioned by the breach of the contract set up as a

defense was less than the amount due on the note the plaintiff in the action is entitled to recover for any balance due thereon after allowing credit for the amount of loss shown, and it is error to render judgment against him as for a total failure of consideration.

Appeal from Stevens district court. Opinion filed December 7, 1912. Modified.

*V. H. Grinstead,* of Liberal, for the appellant.

*C. V. Manatt,* of Liberal, *Thomas A. Scates,* and *Albert Watkins,* both of Dodge City, for the appellees.

The opinion of the court was delivered by

PORTER, J.: The plaintiff sued upon a promissory note and for the foreclosure of a mortgage given to secure the same. The court rendered judgment for the defendants, and the plaintiff appeals.

The petition alleged that on the 26th day of March, 1906, the Gardners executed to W. T. Finicum their promissory note for $1775, due three years after date with interest at eight per cent, payable annually; that before maturity and for a valuable consideration Finicum indorsed and delivered the note to appellant and that no part of the same had been paid, and that it was past due; that at the same time the Gardners executed another note for $925 due six months after date and delivered the same to Finicum; that both notes were secured by the same mortgage. A copy of the mortgage which contains copies of both notes was attached to the petition.

The answer was a general denial and a plea of total failure of consideration. This defense set up a contract in writing entered into between Finicum and Gardner and Shinkle, partners, twenty-six days previous to the execution of the note, by the terms of which Finicum was to convey to Gardner and Shinkle several quarter sections of land in Stevens county, Kansas, including three quarters which he was to convey by

quitclaim deed, and to quiet the title thereto in regular court proceedings; that prior to the execution of the contract he had begun an action to quiet the title to these three quarters, and that afterwards, and on the 20th of April, 1908, a judgment had been rendered in the action forever barring the appellees from any interest or title to the lands in question, and that thereby the consideration for the note sued upon wholly failed. The answer set out a copy of the contract for the conveyance of the lands.

To the answer appellant filed a demurrer, which the court overruled. The reply denied that at the time appellant purchased the note, which it alleged was long before maturity, he had any knowledge or notice of any infirmity in the note, or of any defense to the same. It was also alleged that at the time the contract was entered into Gardner well knew that Finicum's title to the three quarters of land was defective, and that by accepting quitclaim deeds of conveyance and long afterwards executing the note sued upon he was estopped to claim a failure of consideration. The principal errors complained of are the overruling of the demurrer to the answer, the finding that appellant was not a purchaser in good faith for value before maturity, and the finding that there was a total failure of consideration.

The first question to be determined is whether the appellant occupied the position of a good-faith purchaser for value before maturity. This was denied by the answer. The mortgage was given to secure two notes; one of these, for $925, was past due when appellant purchased the note sued upon. The mortgage contained a provision that "if said sum or sums of money or any part thereof or any interest thereon, is not paid when the same is due  .  .  .  then the whole of said sum or sums, and interest thereon," shall become due and payable. It is argued by appellant that because the note for $925 was given as part payment for per-

sonal property, and was no part of the land transaction, the failure to pay it when due would not accelerate the maturity of the other note, but we can not agree to this contention. The fact that it was given for a different consideration or that it was secured also by a chattel mortgage would make no difference. The mortgage on the real estate was made to secure both notes, and the notes and the mortgage must be construed together. (*Spesard v. Spesard,* 75 Kan. 87, 88 Pac. 576.) The mortgage expressly declares that the failure to pay either sum or any part thereof when due shall accelerate the maturity of the other. The appellant was not a purchaser in due course. (*National Bank v. Peck,* 8 Kan. 660; *Snyder v. Miller,* 71 Kan. 410, 80 Pac. 970.) Any defense therefore that could have been interposed in an action on the note brought by Finicum himself was available to the appellees. The appellant cites *McNight v. Parsons,* 136 Iowa, 390, 113 N. W. 858, holding that knowledge that a note was given in consideration of an executory agreement or contract of the payee which has not been performed will not deprive the indorsee of the character of a *bona fide* holder unless he also has notice of the breach of the contract; also the case of *Farmers' Bank of Roff v. Nichols,* 25 Okla. 547, 106 Pac. 834, and especially directs our attention to the cases referred to in a note to the last-cited case in 21 A. & E. Ann. Cas. 1160. None of the cases referred to can avail the appellant, because of the fact that he purchased the note after maturity. It is expressly stated in the syllabus to *Farmers' Bank of Roff v. Nichols,* supra, that one who purchased a note in due course of business before maturity can recover thereon even though "at the time of the transfer he had notice of the contemporaneous agreement." In *McKnight v. Parsons,* 136 Iowa, 390, 113 N. W. 858, it was said in substance that where the controversy is between the original parties to a note, or between the maker and one who is not a good-faith

McMillan v. Gardner.

holder of the instrument, it is a well-established general rule that the defense of failure of consideration or of fraud may be established by parol evidence. The cases cited in the note in 21 A. & E. Ann. Cas. 1160, relied upon by appellant, are in support of the general rule, which is stated to be that the note and contract intended to control may be read and construed together, provided the controversy is between the original parties to the agreement or between persons standing in their place or chargeable with notice. The doctrine is elementary that an agreement intended to control the liability of the parties to a negotiable bill or note can not be asserted as a defense in an action upon the instrument brought by a holder in due course. Between the original parties or persons standing in their place or chargeable with notice such a defense may be asserted. The negotiable instruments law declares that "absence or failure of consideration is matter of defense as against any person not a holder in due course." (Gen. Stat. 1909, § 5281.) The same act (Gen. Stat. 1909, § 5305) declares that to constitute one "a holder in due course" of a negotiable instrument he must, among other conditions, have become the owner before it was overdue, and must have taken it in good faith and for value. For cases from other states see note to *Myrick v. Purcell*, 95 Minn. 133, 103 N. W. 902, 5 A. & E. Ann. Cas. 148, 149-152.

If the failure to quiet the title to the three tracts of land could have been asserted in an action on the note by Finicum, it was available in the present action to the appellees. It appears that there were seven quarter sections of land which Finicum agreed to convey to Gardner. The agreed price for all the land was $5300. Finicum was to take as part payment a stock of merchandise amounting to $3525, and the balance was represented by the note sued upon. The fact that Gardner took quitclaim deeds to part of the lands would not estop him from asserting the defense because of the

contract by which Finicum agreed to quiet the title to those tracts. The $1775 for which the note was given was not the price of any particular tracts of land, but was the general balance due after credit was given for the invoice price of the stock of goods. The value of the three pieces of land which the appellees were deprived of is shown by the evidence to be $750 each. Appellant contends there was not a total failure of consideration for the contract of conveyance. Section 35 of the negotiable instruments law (Gen. Stat. 1909, § 5281) reads:

"Absence or failure of consideration is matter of defense as against any person not a holder in due course; and partial failure of consideration is a defense *pro tanto,* whether the failure is an ascertained and liquidated amount or otherwise."

There is some conflict of authority as to whether a partial failure can be shown under a plea of a total failure of consideration. (See 4 Encyc. Pl. & Pr. 951.) The rigid rules of the common law in respect of bills of exchange and promissory notes required the amount of the failure to be liquidated and certain, and some of the earlier cases in this country went so far as to hold that a partial failure furnished no defense. (*Walters et al. v. Armstrong,* 5 Minn. 448.) In *Torinus v. Buckham,* 29 Minn. 128, 12 N. W. 348, the contrary was held. Technical rules as to pleadings were often enforced, as in *Bisbee v. Torinus,* 26 Minn. 165, 2 N. W. 168, where partial failure was pleaded and it was held that a total failure could not be shown. Before the adoption of the uniform negotiable instruments law it was made a statutory rule in some of the states that either a want or failure of consideration, in whole or in part, may be shown. (*Great Western Ins. Co. v. Rees, who sues, etc.,* 29 Ill. 272; *Honeyman, etc., v. Jarvis, etc.,* 64 Ill. 366.) This court held as early as *Dodge v. Oatis,* 27 Kan. 762, that as between the original parties a failure or partial failure may be shown, and in that case it

appears from the statement of facts that the defense set up was a failure of consideration. The negotiable instruments law, which. in most of its features merely codifies the law as it existed previously, in express terms permits either a total failure of consideration or a partial failure to be shown, and this without regard to whether the failure is an ascertained and liquidated amount or otherwise; and under the liberal provisions of code pleading we think that proof of a partial failure should be permitted under a plea of a total failure. A defendant might not be able to state in his answer whether the failure would turn out to be total or partial.

It was not necessary in order to rely upon the defense of failure of consideration that appellees should offer to rescind the contract or to restore that part of the consideration represented by the lands to which they retained title. (*Russ etc. Co. v. Muscupiabe etc. Co.*, 120 Cal. 521, 52 Pac. 995, 65 Am. St. Rep. 186.) If the action to recover on the note had been brought by the original holder the appellees might have had the right to elect whether to affirm the contract and recover damages for the breach or to rescind and recover the consideration, but they had no election as against.the appellant except to plead a defense which they might have elected to set up against the original holder. They could have paid the note without setting up any defense, and then have sued Finicum for breach of the contract. (*Delaney v. Implement Co.*, 79 Kan. 126, 98 Pac. 781.)

Before this action was brought the final judgment had been rendered in the action to quiet title and the contract had been breached. We do not agree with the appellees that because a former judgment quieting the title was rendered in 1906 there was a breach of the contract then, for the reason that appellees purchased and took the contract after the former judgment had been set aside and understood that Finicum's contract was to procure a favorable judgment on the final hearing. It appears that when the court rendered

the final judgment, April 20, 1908, in the action quieting the title against the appellees, the cause was continued in order to ascertain the amount of tax liens upon the lands, and it also appears that the evidence in this case was that the value of each of the three quarter sections lost to the appellees was $750, and the failure of consideration it would seem amounted to $2250, while the amount due on the note at the time of the trial was $2450. The court found generally against appellant upon the theory that there was a total failure of consideration. If the record speaks the truth the judgment should be modified and appellees should be credited upon the note with the value of the three quarter sections at the time of the purchase, less any sums declared to be due under the tax liens in the action in which appellees were deprived of the title.

If the consideration for which a note is given fails in part only the holder may recover for the part as to which the consideration has not failed. (*Mader v. Cool,* 14 Ind. App. 299, 42 N. E. 945, 56 Am. St. Rep. 304; *Drew v. Towle,* 27 N. H. 412.)

The judgment will be modified in accordance with the foregoing views and the cause is remanded for that purpose. The costs of the appeal are ordered taxed against the appellees.