# CLEM BOFFERDING v. CHARLES M. ALDEN.[1]

November 24, 1916.

Nos. 20,204—(301).

**Estoppel.**

Maker of a check delivered it to a person not the payee who indorsed it with his own and the payee's name. Not long after the maker was called by telephone by plaintiff and asked if the check was all right. Calling attention to its being post dated, the maker replied that it was, and would be paid. *Held:* The maker was estopped from setting up a defense that the payee's name was forged. [Reporter.]

Action in the municipal court for Minneapolis to recover $200 upon a check. The case was tried before Montgomery, J., who when plaintiff rested denied the motion of defendant Alden to dismiss the action, and at the close of the testimony directed a verdict in favor of plaintiff. From an order denying his motion for judgment in his favor notwithstanding the verdict or for a new trial, defendant Alden appealed. Affirmed.

*Gordon Grimes*, for appellant.

*Charles Butts*, for respondent.

PER CURIAM.

This action was on a check made by defendant Alden to the order of A. G. Oglin, delivered by Alden to R. A. Eckstein, indorsed by Eckstein with

1 Reported in 159 N. W. 946.

his own name, and also the name of the payee, and turned over by him to plaintiff in exchange for cash and cigars. Alden defended the action, alleging in effect that he gave the check to Eckstein under an agreement that he would not deliver it to the payee, except upon the payment of the amount thereof to Alden before the day on which the check, which was post dated, was payable, and further that plaintiff paid no consideration for the check. The trial was to a jury. At the close of the evidence the court granted plaintiff's motion to direct a verdict in his favor. Defendant Alden appeals from an order denying his blended motion for judgment or a new trial.

The evidence showed that defendant gave the check to Eckstein, who, instead of giving it to the payee named, who seems to have had no interest in the matter, delivered it to plaintiff, obtaining in return its full face value in cash and cigars. Before accepting the check plaintiff called up Alden on the telephone, asking if it was all right. Alden assured him that it was, and that it would be paid, reminding him, however, that it was post dated. Before the check became due. Alden stopped payment thereof.

It is now insisted by defendant that plaintiff cannot recover because Eckstein forged the name of the payee. But we think defendant is estopped from making this defense. The payee's name was that of a Catholic priest in St. Paul. Within half an hour after defendant gave the check to Eckstein in Minneapolis, there came the call on the telephone asking if it was all right. Defendant must have known that this inquiry was not from the payee, and that the check had been presented to somebody in Minneapolis by Eckstein, and yet he assures the inquirer that it will be paid when due. He can hardly be heard to say now, after plaintiff has parted with his money in reliance upon his assurance, that the man he intrusted the check to had no right to negotiate it. Indeed it is difficult to understand the peculiar transaction, save upon the theory that defendant expected to derive some benefit. Clearly the evidence entirely failed to establish any of the defenses pleaded, and it is hardly less clear that defendant is in no position to avail himself of the defense that the indorsement of the payee's signature was forged.

Order affirmed.