## GUARANTY SECURITIES COMPANY v. EXCHANGE STATE BANK OF MINNEAPOLIS.[1]

January 14, 1921.

No. 22,001.

**Contract — order and distinct agreement of seller may be read together, when.**

1. Two writings relating to the same subject matter and executed at the same time as parts of the same transaction, are to be read together as constituting the contract.

**Chose in action assignable—equities of debtor.**

2. A chose in action is assignable, but is subject to all equities in favor of the debtor existing at the time he receives notice of the assignment, unless he has estopped himself from asserting them.

**Estoppel against good faith purchaser.**

3. A party who executes and delivers a contract for the payment of money, containing a representation to the effect that it is free from all equities not disclosed therein, is estopped from asserting undisclosed equities against a good faith purchaser.

Action in the district court for Hennepin county to recover a balance of $819 upon a contract. The facts are stated at the beginning of the opinion. The case was tried before Jelley, J., who made findings and ordered judgment in favor of defendant. From an order denying

[1]Reported in 180 N. W. 919.

its motion to amend the findings and conclusions and for a new trial, plaintiff appealed.    Reversed.

*Moore, Oppenheimer & Peterson,* for appellant.

*Jesse Van Valkenburg and George S. Grimes,* for respondent.

TAYLOR, C.

On January 8, 1917, two instruments, designated in the record as Exhibits A and B, were executed at the same time and as parts of one transaction by the defendant as one party and the Budget Cheque Corporation of Chicago as the other party.

By Exhibit A, which was in the form of an order by defendant accepted by the Budget Company, defendant contracted to purchase one thousand "budget cheque books" at $1.03 each and a few other supplies at specified prices, and to pay $124 thirty days after shipment of the goods and $117 each month thereafter until the full purchase price was paid.    Exhibit A contained several other provisions of which the only one here material is as follows:

"This order and the acceptance thereof are unconditional, shall not be subject to cancelation and cover all agreement regarding this contract between your company and ourselves."

By Exhibit B the Budget Company agreed to resell to defendant's customers not less than 125 of these cheque books within three months after delivery thereof and not less than 500 within six months after delivery thereof, and further agreed that, if they failed to resell the specified number of books as above provided, defendant could return twice as many as the number sold fell short of the specified number, and that the purchase price of the books so returned should be deducted from the balance due them.    For the services to be performed under this agreement defendant agreed to pay the Budget Company one dollar for each book resold and certain commissions on the initial deposit of new customers secured for the bank by the company.

The Budget Company shipped the goods on March 3, 1917, and on March 7, 1917, sold and assigned Exhibit A to plaintiff, who was a good faith purchaser for value with no notice or knowledge of the existence of Exhibit B.    In the assignment the Budget Company guaranteed payment of the obligation.    On March 8, 1917, plaintiff wrote

defendant, enclosing a notice of the assignment from the Budget Company and the bill of lading for the goods, and requesting defendant to remit the payments to plaintiff as they became due. On March 12, 1917, defendant replied, acknowledging receipt of the notice, and expressing its willingness to make the payments to plaintiff, but notifying plaintiff that it had a supplementary contract with the Budget Company, under which it might have and claim offsets against such payments.

The Budget Company endeavored to resell the cheque books to defendant's customers, but was unable to do so, whereupon defendant returned 980 of the books, and thereby became entitled to a credit which exceeded the amount then remaining unpaid on Exhibit A. After returning the books defendant refused to make further payments. In the meantime the Budget Company had gone out of business, leaving many liabilities and no assets. Plaintiff brought this suit to recover the balance due under Exhibit A. The court directed judgment for defendant and plaintiff appealed from an order refusing a new trial.

Plaintiff contends: (1) That Exhibits A and B are separate and distinct contracts; (2) that Exhibit A was assignable and that plaintiff took it free from any equities accruing to defendant under Exhibit B; and (3) that defendant is estopped from asserting any claim under Exhibit B against plaintiff's claim under Exhibit A.

1. Exhibits A and B relate to the same subject matter, were executed at the same time as parts of the same transaction, and must to read together for the purpose of determining the nature and extent of the obligations assumed by the parties to them. Brackett v. Edgerton, 14 Minn. 134 (174), 100 Am. Dec. 211; Beer v. Aultman-Taylor Co. 32 Minn. 90, 19 N. W. 388; Bolles v. Sachs, 37 Minn. 315, 33 N. W. 862; Grueber v. Lindenmeier, 42 Minn. 99, 43 N. W. 964; Somerdorf v. Schliep, 43 Minn. 150, 44 N. W. 1084; Chute v. Washburn, 44 Minn. 312, 46 N. W. 555; White v. Miller, 52 Minn. 367, 54 N. W. 736, 19 L.R.A. 673; Myrick v. Purcell, 95 Minn. 133, 103 N. W. 902, 5 Ann. Cas. 148.

2. Exhibit A was assignable, but was a mere chose in action and passed to plaintiff subject to all equities in favor of defendant existing

at the time defendant received notice of the assignment, unless defendant is estopped from asserting them. G. S. 1913, § 7675. State v. City of Lake City, 25 Minn. 404; White v. Miller, 52 Minn. 367, 54 N. W. 736, 19 L.R.A. 673; Brown v. Equitable Life Assurance Society, 75 Minn. 412, 78 N. W. 103, 671, 79 N. W. 968.

3. Exhibit A stated on its face, in effect, that there were no conditions or agreements relating to the contract except those contained in that instrument. This statement amounted to a representation by defendant that the obligation was free from all undisclosed equities. Plaintiff purchased it for full value with no notice or knowledge of the existence of Exhibit B and had paid the full purchase price before defendant notified it of the existence of a supplemental contract. Under such circumstances, defendant is estopped by its own representation from asserting, against plaintiff, claims which accrued to it under Exhibit B. It was so held by the Maryland court in Guaranty Securities Co. v. Equitable Trust Co. 136 Md. 417, 110 Atl. 860, in respect to an obligation identical in form with that here involved, although that case also contained other elements of estoppel. See also Fugate v. Hanford's Exrs. 3 Litt. (Ky.) 262; Pence v. Arbuckle, 22 Minn. 417; Minneapolis T. M. Co. v. Davis, 40 Minn. 110, 41 N. W. 1026, 3 L.R.A. 796, 12 Am. St. 701; Cochran v. Stewart, 57 Minn. 499, 59 N. W. 543; Dimond v. Manheim, 61 Minn. 178, 63 N. W. 495; Steffens v. Nelson, 94 Minn. 365, 102 N. W. 871; Bofferding v. Alden, 134 Minn. 482, 159 N. W. 946; Havel v. Costello, 144 Minn. 441, 175 N. W. 1001. In General Electric Co. v. O'Connell, 118 Minn. 53, 136 N. W. 404, cited by defendant, the question as to estoppel was not presented or considered. Moreover the defense was predicated on fraud and the plaintiff was not shown to have been a purchaser in good faith without notice. In the present case there is no claim or fraud or misrepresentation and plaintiff's good faith is established.

The order appealed from must be and is reversed.