## K. NEUTSON v. A. H. KEMPER AND OTHERS.[1]

December 2, 1927.

No. 26,270.

**Two instruments executed at same time in same transaction construed as one instrument.**

1. Instruments executed at the same time in the same transaction are construed together as one instrument.

**Rule applied to insurance agency contract and bond guaranteeing certificates of deposit.**

2. This rule is applied to an agency contract relative to the procuring of insurance the premiums for which were to be deposited with a bank on certificates of deposit and a contract of guaranty of the certificates given by officers of the bank.

**Guarantors under first contract between plaintiff and bank not bound for payment of certificates under later contract.**

3. An agency contract entered into between the plaintiff and the bank *held* superseded by a later one differing somewhat in terms; and

[1]Reported in 216 N. W. 545.

the guarantors under the first were not bound for the payment of later certificates.

**Guarantors of $500 certificate not liable for renewals after second contract.**
4. A certificate of deposit for $500 was renewed after the first agency contract was superseded by another, and the guarantors were not liable for subsequent renewals.

**Finding as to $1,000 certificate not sustained by evidence.**
5. The finding that a certificate of deposit for $1,000 was issued while the first agency contract was in force, and before the second agency contract was executed, is not sustained by the evidence.

Contracts, 13 C. J. p. 528 n. 50; p. 603 n. 65.
Guaranty, 28 C. J. p. 933 n. 19; p. 992 n. 52; p. 994 n. 81; p. 996 n. 92; p. 1031 n. 84.

See 6 R. C. L. 851; 2 R. C. L. Supp. 227; 4 R. C. L. Supp. 446; 5 R. C. L. Supp. 373; 6 R. C. L. Supp. 415.

Defendants appealed from a judgment of the district court for Redwood county, Tifft, J. of the eighth judicial district sitting for a judge of the ninth district. Reversed.

*Moonan & Moonan* and *William R. Mitchell,* for appellants.
*N. R. Ryerson,* for respondent.

DIBELL, J.

Action to recover upon a guaranty by the defendants of two certificates of deposit, one for $500 and the other for $1,000, both issued by the First State Bank of Walnut Grove. There were findings and judgment for the plaintiff. The defendants appeal from the judgment.

1. The rule is that two agreements made at the same time relative to the same subject matter are to be construed together as one transaction. 2 Dunnell, Minn. Dig. (2 ed.) § 1831, and cases cited; Myrick v. Purcell, 95 Minn. 133, 103 N. W. 902, 5 Ann. Cas. 148; Grueber v. Lindenmeier, 42 Minn. 99, 43 N. W. 964; Winne v. Lahart, 155 Minn. 307, 193 N. W. 587; Guaranty Sec. Co. v. Exchange State Bank, 148 Minn. 60, 180 N. W. 919; Hall v. Oleson, 168 Minn. 308,

210 N. W. 84; Dolgoff v. Schnitzer, 209 App. Div. 511, 205 N. Y. S. 11; Security T. & L. Ins. Co. v. Ellsworth, 129 Wis. 349, 109 N. W. 125.

2. The plaintiff was interested in an insurance plan which contemplated that a local agency would be placed with banks or their cashiers through the country. There were to be no commissions charged for procuring insurance. Premiums collected were to be placed in the bank on interest bearing certificates of deposit.

An agency contract was placed with the First State Bank of Walnut Grove, dated about the last of December, 1921, or the first of January, 1922, and provided that "these annual C. D.'s for premiums may be renewed indefinitely so long as this agreement shall remain in force." It was provided that "a satisfactory depository bond or guaranty is to be furnished by the bank." A guaranty bond was executed by the defendants, officers of the bank, on January 3, 1922. The agency contract and the bond are to be construed together as if one instrument in accordance with the rule stated.

3. In the latter part of December, 1923, or sometime in January, 1924, another agency contract was made between the plaintiff and the bank. It provided that premiums collected "shall remain on deposit in this bank throughout the following year under an annual C. D. at the same rate of interest as paid to local depositors on similar deposits except that the interest shall be payable semi-annually and an advance deposit shall be made approximating the premium collections anticipated for the first year." It further provided that "a satisfactory depository bond or guaranty is to be furnished by the bank." No bond was given.

On this contract was written: "Replacing contract as of Jan. 1922." On the first contract was written: "Replaced by new agreement as of Jan. 31, 1924." There is no real question but that the second contract canceled the first, though the record gives us no information about the making of these memoranda.

4. On May 25, 1922, the bank gave plaintiff a certificate of deposit for $500. On May 25, 1923, this was renewed. A year later, May 15, 1924, the last certificate was surrendered and a new one

taken. The $500 certificate was given after the first agency agreement had expired and after the second one had become effective. There was no liability of the sureties under the first agreement. That was terminated by the second agreement.

5. A certificate of $1,000 was issued on January 21, 1924. There is no liability of the guarantors under this certificate unless it was issued when the first agency contract was in force.

There is an uncertainty as to whether the second agreement was made before or after the delivery of the $1,000 certificate. There is evidence strongly indicating that it was executed before and therefore that the guaranty was not effective. Some of the plaintiff's testimony is to that effect. His testimony is confused and confusing. It is not so clear as to make it a question of law on the evidence now before us. The two memoranda to which we have adverted are not returned. There is no testimony as to them. Just their effect we do not know. On the evidence now before us we should not hold, as a matter of law, how much it may appear to be so as a matter of fact, that the $1,000 certificate was delivered after the second agency agreement displaced the first, and therefore that there is no cause of action upon it. But the evidence does not sustain the finding of liability.

There need not be a new trial as to the $500 certificate. The defendants are not liable for its payment. There must be a new trial as to liability upon the $1,000 certificate.

Judgment reversed.