No. 25,609.

THE FIRST NATIONAL BANK OF BELOIT, *Appellee*, v. (HAROLD A. WILLIAMS et al.) CARRIE F. WILLIAMS, *Appellant*.

#### SYLLABUS BY THE COURT.

PROMISSORY NOTE—*Plea of Fraud and Want of Consideration—Prima Facie Defense.* In an action upon a promissory note by the payee against three persons as makers, one of the defendants answered that she signed the note about four weeks after it had been executed by the other defendants, without consideration and at the request and for the accommodation of the payee. *Held,* it was error for the court to sustain plaintiff's motion for judgment upon the pleadings.

Appeal from Mitchell district court; WILLIAM R. MITCHELL, judge. Opinion filed January 10, 1925. Reversed.

*R. M. Anderson,* and *W. C. Perry,* both of Beloit, for the appellant.
*Frank A. Lutz,* and *Amzie E. Jordan,* both of Beloit, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action by the payee on a promissory note for $3,000 against Harold A. Williams, Marie S. Williams, his wife, and Carrie F. Williams, whose names appear on the note as makers. The petition is in the usual form for such an action. The two defendants first named defaulted and judgment was rendered against them. No complaint is made of that. Carrie F. Williams filed an answer containing, first, a general denial; and second, it is averred, in substance, that plaintiff was promoter of and interested in a bank at Keenesburg, Colo.; that it induced Harold A. Williams to put in a hardware store at Keenesburg in order to increase the business of the town and the bank, and for that purpose loaned him $3,000 upon a note executed by him and his wife; that she (the answering defendant) had no interest in the business at Keenesburg, had no knowledge of the arrangements made, was not asked to and did not consent to it; that when the note came due, May 4, 1921, plaintiff renewed the loan by taking a renewal note signed by Harold A. Williams and wife, secured by a second mortgage upon their home at Keenesburg; and that,

"About four weeks thereafter, George Eresch, vice president of plaintiff bank, and as such officer, called this defendant to plaintiff's place of business and told her that said 'Harold Williams was not meeting with success at Keenesburg,' and stated 'that they had renewed his note and hoped that times would get better so that he could pay them'; that 'he had got to thinking the

matter over and was afraid the bank examiner would criticize the bank,' and then asked her, 'we would like to have you indorse the note which Harold has given us.' This defendant then stated that she had no interest in the matter, that it was a business transaction entirely between the bank and Harold and she knew nothing about it. That she would not sign the note, because the plaintiff would expect her to pay it, and that if she was compelled to pay such a sum it would take more than she had. Whereupon George Eresch said to her, 'We only ask you to sign the note as an accommodation indorser for the bank; that will not make you liable on the note, but will save the bank from the embarrassment of criticism of the bank examiner; the bank will hold you absolutely free from any liability to it on the note.' These statements were made by George Eresch as vice president of plaintiff and as agent for plaintiff, for the false and fraudulent purpose of securing this defendant's signature on the said paper with the intent to cause her to believe said statements; and this defendant did believe the same and was misled thereby and relied on them, and, believing them to be true, offered her name as an accommodation indorser for the plaintiff on the paper set out in plaintiff's Exhibit A; all with the intent on the part of plaintiff to secure this defendant's signature thereon, by representing to her that the plaintiff would not hold her liable thereon; that she was an accommodation indorser without receiving value therefor, for the purpose of lending her name to plaintiff; and the further false and fraudulent intent to later repudiate said promises to this defendant, as it has now done; and falsely and fraudulently seek to make this defendant liable thereon by claiming liability against this defendant as it is now doing in this case— and all without any consideration from the plaintiff to this defendant, and by reason of which the plaintiff did not part with value as to this defendant's signature, and this defendant is an accommodation indorser on the note sued on in plaintiff's petition, if her name really appears thereon, and the same is void as to this defendant and without consideration."

The reply denied generally the second defense, admitted that Harold A. Williams purchased a hardware stock at Keenesburg, and that plaintiff held a second mortgage upon his home, and affirmatively alleged that the answering defendant was interested in, part owner of and a copartner in the ownership of the hardware stock; that the stock was formerly at Beloit, Kan., and while there was owned in part by the answering defendant, was moved to Keenesburg, after which the answering defendant put an additional $1,000 into the business; that she had full knowledge of the establishment of the store at Keenesburg, personally visited it, and was now estopped from asserting the defense set up.

When the case was called for trial the defendant in the opening statement admitted signing the note and assumed the burden of proof of her answer. The court sustained plaintiff's motion for judgment upon the pleadings and opening statement, and the answering defendant has appealed.

It will be noted that defendant pleaded a failure of consideration, that she signed the note at the request of the payee and for its accommodation, four weeks after it had been executed by the other makers, and that she was induced to do so by the fraud of plaintiff. With this answer it was error for the court to render judgment for plaintiff on the pleadings.

A failure of consideration is a defense to a promissory note when the suit is by the payee against the maker (R. S. 16-108, 52-305), and this may be shown by parol evidence (8 C. J. 1024), and is naturally a jury question (8 C. J. 1064).

A plea by a defendant, when sued on a promissory note, that he signed or indorsed the same at the request and for the accommodation of the plaintiff ordinarily states a good defense (R. S. 52-306, 52-605[3]), and this may be shown by parol evidence. (*Means v. Bank*, 97 Kan. 748, 156 Pac. 701.) This is ordinarily a jury question. (8 C. J. 1064.)

The fraud attempted to be pleaded here is covered by the other defenses pleaded. If the other defenses are good it is not material whether the claimed fraud existed; if the defenses are not good there is no fraud amounting to a defense.

It is argued on behalf of appellee that the answer and pleadings taken as a whole show that appellant signed the note for her own accommodation because of her interest in the hardware business. The answer of appellant does not disclose that; the averments are to the contrary. It is true the new matter set up in the reply might indicate that, but new matter in a reply is regarded as denied without further pleading. (R. S. 60-748; *Board of Education v. Shaw*, 15 Kan. 33, 41; *Ross v. Insurnace Co.*, 84 Kan. 572, 575, 114 Pac. 1054.) Hence the pleadings presented a controverted issue. Other questions argued need not be specially noted.

The judgment will be reversed with directions to overrule plaintiff's motion for judgment upon the pleadings and opening statement and to grant a new trial.