No. 26,672.

CHARLES F. BALPH, *Appellee,* v. WILLIAM BROADHURST, *Appellant.*

SYLLABUS BY THE COURT.

1. BILLS AND NOTES—*Failure of Consideration—Burden of Proof.* In an action upon a check by the payee against the maker, the defense was failure, or partial failure, of consideration. *Held,* the burden is on defendant to establish such defense.

2. SAME—*Failure of Consideration—Evidence—Submission to Jury.* In such a case, where there is no substantial evidence from which a jury could determine that there was any failure of consideration, or, if any, the amount thereof, it was proper for the court to render judgment for plaintiff.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed May 8, 1926. Affirmed.

*W. L. Cunningham* and *D. Arthur Walker,* both of Arkansas City, for the appellant.

*L. D. Moore,* of Winfield, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action by the payee of a check against the maker. The defense was failure of consideration and fraud which induced its execution. The court sustained a demurrer to defendant's evidence and rendered judgment for plaintiff. The defendant has appealed.

The sole question before us is whether there was sufficient evidence in support of the defense alleged to take the case to the jury. The circumstances under which the check was given are in substance as follows: The defendant, Broadhurst, owned certain oil and gas leases, by assignment. He entered into a contract to sell the leases to one Clark and the plaintiff Balph, and received a cash payment of $500. He assigned one of the leases to Clark and Balph. The contract provided if the balance of the purchase price was not

Bills and Notes, 8 C. J. pp. 752 n. 80, 754 n. 81, 964 n. 70, 995 n. 71, 1064 n. 81; 3 R. C. L. 929. Contracts, 13 C. J. p. 760 n. 74.

paid within a stated time the lease was to be reassigned to Broadhurst. Clark and Balph recorded the assignment to them. Later they executed an assignment of the lease to Mr. Hickman, the father-in-law of Balph. The balance of the purchase price was not paid to Broadhurst, and he asked that the lease be reassigned to him. Balph declined to do this unless the $500 paid should be returned, which defendant agreed to do. Balph procured an assignment of the lease from Hickman to defendant, and sent it to a bank at Arkansas City, where defendant resided, with a draft for $500 attached and with instructions to deliver the assignment to defendant on payment of the draft. Broadhurst advised Balph he would not pay the $500 draft unless he could get a release signed by Clark. He went to Ponca City, where both Clark and Balph resided, taking with him a release prepared by his attorneys which he desired to have Clark sign, and there met Balph by appointment at his office. Clark was called by telephone. Defendant talked to him, read the release to him, and asked if he would sign it. Clark replied that he would. Balph listened to this conversation over an extension telephone, but himself made no representations nor promises as to Clark's signing the release. The instrument which defendant desired Clark to sign released defendant of any and all liability growing out of a certain contract in writing made and entered into on November 17, 1924, and further warranted and guaranteed to protect and indemnify defendant against any lease, claims, or liability of any nature which then existed or should arise by reason of such contract. After this conversation defendant and Balph went down to a bank in Ponca City, where defendant gave Balph his check for $500, and at his request Balph wired the Arkansas City bank to deliver to defendant the assignment of the lease then at such bank. Defendant then went to see Clark to have him sign the release which had been read to him. Clark declined to sign it unless he got part of the money. Defendant then tried to find Balph, but was unable to locate him, and returned to Arkansas City, went to the bank, and obtained the assignment of the lease without paying the draft, in accordance with Balph's telegram, and had the assignment recorded to him the same day. He also gave his bank at Arkansas City instructions to stop payment on the check which he had given to Balph at Ponca City. This is the check sued on in this action.

This evidence did not tend to show fraud on the part of Balph

which induced defendant to execute the check. He made no promise or representation at any time that Clark would sign the release, nor did he at any time concede that such a release was necessary. On the other hand, he attempted to make it clear that the assignment of the lease should not be delivered to defendant until the $500 was paid.

The question of failure of consideration is not so easily disposed of. Defendant plead a total failure of consideration. It is clear this defense was not sustained, but under an allegation of a total failure of consideration a party may show a partial failure of consideration. (*McMillan v. Gardner,* 88 Kan. 279, 128 Pac. 391.) A partial failure of consideration is a defense *pro tanto,* whether the failure is an ascertained or liquidated amount or not. (R. S. 52-305.) The written instrument sued on imports a consideration, and one who defends on the theory of a partial failure of consideration has the burden of establishing that fact. (*Fontron v. Kruse,* 103 Kan. 32, 34, 172 Pac. 1007.) Defendant did not show in this case to what extent, if at all, he was injured by his failure to obtain the signature of Clark to this release. The contract of November 17, 1924, is not in the record, and why, or to what extent, a release thereof executed by Clark would be of any value to defendant is not shown. From such references to it as there are in the record it would seem to become of no force by its own terms upon the failure of Clark, or of him and Balph, to make the further payments. The statute provides that a partial failure of consideration is a defense *pro tanto,* but this does not relieve one relying upon such a defense from the burden of showing to what extent, if at all, there has been a partial failure of consideration. No such showing was made in this case, and hence there was nothing upon which the jury could have based a judgment of partial failure of consideration, or could have made any estimate of the amount of such partial failure. While the question whether there was a failure, or partial failure, of consideration is naturally a jury question (*National Bank v. Williams,* 117 Kan. 501, 503, 232 Pac. 252), there is nothing to submit to the jury unless there is some substantial evidence to support the defense. (*Melhop v. Costa,* 26 N. M. 337; *Merchants' State Bank v. Streeper,* 48 N. D. 583; *Titman v. Cooper,* 103 Neb. 599.)

The judgment of the court below is affirmed.