No. 28,002.

FRED NATION, *Appellee*, v. H. R. CLAY and J. M. EASLEY, as Partners, etc., *Appellants*.

(266 Pac. 45.)

### SYLLABUS BY THE COURT.

1. PLEADING—*Motion for Judgment on Pleadings*. It is a proper practice to move for judgment in favor of plaintiff on the pleadings when it clearly appears that defendant advances no meritorious defense to the action.

2. SAME—*Judgment on Pleadings*. The admissions of defendants in their answer and opening statements, as shown in the record, considered and held that the trial court was justified in sustaining plaintiff's motion for judgment and in entering a judgment in favor of plaintiff.

Appeal from Shawnee district court, division No. 1; JAMES A. McCLURE, judge. Opinion filed April 7, 1928. Affirmed.

*Dennis Madden* and *C. B. Randall*, both of Topeka, for the appellants.
*James E. Larimer* and *Eugene S. Quinton*, both of Topeka, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an appeal from a judgment rendered upon the pleadings in favor of Fred Nation against H. R. Clay and J. M. Easley, a partnership, from which the latter appeal.

The defendants entered into a contract with Nation, of which the following is a copy:

"Received this 5th day of November from Fred Nation of Emporia, Kan. $2,000 the same being in full payment and satisfaction of all claims which Clay & Easley and Montgomery & Easley may have against said Nation by

Pleading, 31 Cyc. p. 608 n. 54; 21 R. C. L. 594. Trial, 38 Cyc. p. 1477 n. 50.

reason of damages for injury to their cattle during the pasture season in 1919, growing out of the Texas fever condition in the Williams pasture at Florence. It is further understood as part of the consideration for the payment of the $2,000, Clay & Easley and Montgomery & Easley agree to file full and complete claims against the U. S. government, with the understanding that out of any moneys received from the government by reason of said cattle, if the amount is sufficient, the first $800 is to be divided equally between Montgomery & Easley and Clay & Easley, considered as one party, and Fred Nation as the second party. The balance, if any, shall be applied toward reimbursing Fred Nation to the extent of $2,000, if there be sufficient funds, and if not, the application shall be made as far as possible. In case there is less than $800 collected from the government on the cattle, the amount shall be divided equally, and in case there is more than $2,800, all moneys in excess of the $2,800 shall go to Clay & Easley and Montgomery & Easley.

CLAY & EASLEY, MONTGOMERY & EASLEY,
By GUARANTY CATTLE LOAN CO.,
FRED NATION,
By WM. J. WILSON."

The fund mentioned in the contract was received from the United States government by J. H. Mercer, of the live stock sanitary commission, for cattle injured by Texas fever, and it was garnished in his hands and paid into court. The plaintiff alleged that the contract had been fully performed on his part and that he was entitled to recover from the fund held by Mercer in accordance with the provisions of the contract. Easley answered by a general denial and asserted a special denial to the effect that the guaranty company, a Missouri corporation, was not the agent of the defendants nor had authority to execute the contract for them, and hence prayed that the action be dismissed. In a verification of the answer Easley stated that the Guaranty Cattle Loan Company had no right or authority from defendants to execute the contract in suit and that the company had no authority under the statutes of Missouri to obligate the defendants. Clay also filed an answer for himself and the partnership, admitting that the partnership had consented to and ratified the contract, as alleged by plaintiff, for the consideration therein expressed, that the attached funds in the hands of the court were received by Clay & Easley, that out of the funds there was due to the plaintiff $2,400 and that it should be paid to him as the contract provided. Plaintiff filed a reply to the answer of Easley denying generally and alleging that the contract having been made and been fully performed defendants were estopped to deny the authority of their agents to execute it. On a motion by plaintiff for judgment on the pleadings, it was admitted by Easley that de-

fendants received the $2,000 as stated in the contract and that defendants were given credit for the amount upon a note and mortgage held by the Guaranty Cattle Loan Company. The court sustained the motion and accordingly gave judgment for plaintiff.

Upon the record it is clear that no meritorious defense was presented by the defendants. While there was a general denial filed by Easley it was not verified. He did verify his statement that the company had no authority to contract for the defendants. Clay, answering for himself and his partner, admitted the due execution of the contract and its binding force upon defendants. The partnership was expressly admitted by Clay under oath and was not denied under oath by Easley. In failing to verify his general denial the making of the contract was practically admitted. The claim that the execution of the contract by the company was *ultra vires* cannot prevail where it appears that $2,000 was paid to defendants under the contract, and that the plaintiff on his part had fully performed the contract. Having accepted the money and obtained the advantages of the contract, defendants are not in a position to defend on the ground that the company which signed the contract was not its agent or authorized to act for them. Whatever the law of Missouri may be as to the power of a private corporation to act as agent for others, it is clear that defendants should not be permitted to contest the agency after they have received the benefits of the contract procured by the agent, and where full performance has been made by the other party. The acceptance of the benefits of the contract was really a ratification of the contract as made. The doctrine of *ultra vires* cannot be invoked to accomplish such an injustice as would follow from the theory and claim advanced by Easley. It should be noted that Clay admits the agency and the validity of the contract. Reference is made to the fact that the court struck out a recital in a journal entry that was presented for its approval relating to the admission in open court of the receipt of the $2,000 and that credit had been given to defendants on their note and chattel mortgage. While the court struck out that recital in the journal entry, possibly for the reason that it was not an appropriate place for such statements in a formal entry, it is also to be noted that the court accompanied its action in striking out the recital by a statement that the facts recited were true.

Some question is made by Easley of the practice of procuring an

entry of judgment on the pleadings. When by admission of the defendants in pleadings or in opening statements, it is made to appear that the defendants have no meritorious defense against an obligation like the one sued on, it is a common and proper practice to move for and obtain judgment on the pleadings or opening statements. Easley did not move to amend his pleading or ask for permission to add another defense.

The judgment is affirmed.