No. 28,791.

THE FARMERS STATE BANK OF RUSSELL, *Appellant*, v. C. H. MONTGOMERY, *Appellee*.

(282 Pac. 741.)

Opinion filed December 7, 1929.

*George W. Holland, C. R. Holland,* both of Russell, *B. F. Alford* and *R. L. NeSmith,* both of Wichita, for the appellant.

*A. M. Ebright, Allen B. Burch, J. B. Patterson* and *P. K. Smith,* all of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to recover on a promissory note for $10,000 executed by C. H. Montgomery and delivered to the Farmers State Bank of Russell. The defendant prevailed, and the bank appeals.

The note was executed January 6, 1926, payable ten days after date, bearing interest at the rate of eight per cent per annum and ten per cent after maturity, and plaintiff alleged that no part of the obligation had been paid. Defendant answered admitting the execution of the note, but alleged that it was made and accepted conditionally for the special purpose of accommodating the bank, and not as an evidence of debt. The purpose for the execution of the accommodation note, it was alleged, was that the bank had loaned large amounts on two notes to the Western Kansas Refining

Company, which was more than it was allowed to loan to a single borrower. D. W. King, an officer of the bank, stated to defendant that he had been unable to negotiate one of the notes given by the refining company, as he had expected to do, and that he was having trouble with the stockholders of the bank because of the excess loans made to the refining company, and requested the defendant to give the bank his note and allow the bank to hold it for fifteen days to enable him to negotiate and discount a $15,000 note of the refining company, which would reduce the loans of that company to an extent that the indebtedness remaining would not be in excess of the loans that could be legally made to a borrower. King, it was alleged, told defendant that he would incur no obligation upon the note, and that it would be returned to him at the end of the fifteen-day period. Defendant, it is alleged, acceded to the request and gave the note, for which there was no consideration, but was given for the special purpose of accommodating the bank, so as to overcome the irregularity in making excess loans to the refining company.

The jury found against the contentions of plaintiff that the note on which the action was brought was given to liquidate a balance due on the $15,000 note, and was given as an accommodation to King, the vice president of the bank, but was made to relieve the bank of the embarrassing position of the excess loans to be held during the period of the directors' meeting. It was further found that it was not given to deceive the directors of the bank as to the contention of the excess loans in said bank, and that there was no consideration for the signing of the note sued on.

The principal complaint raised on the appeal is that the findings of the jury are not sustained by the evidence. Other matters of complaint are that evidence was erroneously admitted and that improper instructions were given to the jury. As to the sufficiency of the evidence it appears to support the claim of defendant that the note was given without consideration for the accommodation of the bank, and was delivered for the conditional and special purpose of overcoming objections to the excess loans to the refining company that might be raised at the annual meeting of the bank which was to occur on the day following the execution of the note. The president and vice president of the bank, it appears, were stockholders in the refining company. The matter of the excess loans to the company was discussed and it was admitted by King that he had tried to negotiate one of the excess loans to another

bank so as to reduce the loans within the legal limit, but he had been unable to do so. It was also admitted that persons connected with the bank had criticized the bank and had complained of the excess loans. In the trial the plaintiff made the claim that the note in suit was given to apply on a note of the refining company to the bank, but contrary evidence in behalf of the defendant was produced and it further appears that no credit was given on the company note when the note in suit was given. Another claim was that the giving of the note was a personal transaction of D. W. King and was not given to accommodate the bank, but this contention is negatived by the findings of the jury made, as it appears, upon sufficient evidence. There being competent supporting evidence, the findings of fact are conclusive upon this court, although there was much evidence to the contrary. According to the findings there was no consideration for the note, and further that it was delivered conditionally or for a special purpose only, and not for the purpose of transferring title to the property in the instrument. Under the statute this may properly be shown. (R. S. 52-216.) The fact that the note was given for the accommodation of the payee and without consideration is a complete defense as between the immediate parties to the action. Parol evidence was admissible to show that the note, though executed, was without consideration and was not a binding obligation. (*Rice v. Rice,* 101 Kan. 20, 165 Pac. 799; *Miller v. Buss,* 103 Kan. 338, 173 Pac. 975; *Holloway v. Gano,* 125 Kan. 3, 262 Pac. 573.) In view of these authorities the contention that parol proof on this issue was not admissible is without merit. The authorities cited by plaintiff were based on different facts and involved other considerations.

Complaint is made of instructions given to the jury. One is instruction number three in which the court did no more than to call the attention of the jury to Revised Statutes 52-216, quoting it, which it is said did not define an issue in the case and was misleading. The statute quoted did pertain to an issue in the case in that it related to the delivery of a note, and that it may be shown to be conditional or for a special purpose only and not for the purpose of transferring the property in the instrument. The court had stated the issues raised by defendant's answer and while it might have stated the rule without quoting the statute, the quotation could not have been misleading, and is not a ground for reversal.

Instruction number four is challenged because the jury were told that want of consideration was a defense if proven, and he also

spoke of the rule applicable to an accommodation maker without defining the term. In this instruction the court stated that:

"If the note was signed as an accommodation to King, it would not be a defense, but if it was signed as an accommodation to the plaintiff bank, this might be a defense to the action as otherwise herein instructed."

The court then elaborated the rule in the following instruction, number five, which is as follows:

"You are further instructed that the defendant alleges as a defense to the note sued on that the execution and delivery of the note were conditional and for a special purpose only and not for the purpose of transferring the property in said instrument to the bank, nor for the purpose of the creation of a debt or evidence of an indebtedness, and that it was delivered to the plaintiff to hold for a period of fifteen days' time, at which time the note was to be returned to the defendant; and in this connection you are instructed that the burden of proving these allegations by a preponderance of the evidence is upon the defendant.

"If you believe, by a preponderance of the evidence, that there was no consideration for the note sued upon and that the said D. W. King entered· into an agreement as alleged and was authorized by the bank to enter into this agreement and that the bank retained the original note of $15,000 made by the Western Kansas Refining Company as a part of the assets of the bank, then your verdict shall be for the defendant; and if you find that the whole transaction of the making of this note sued upon was without consideration and in pursuance of a design of the said King, and that he was authorized to make this agreement, then your verdict should be for the defendant."

We think the instructions on the whole fairly covered the issues in the case and that no error was committed in the refusal of those requested by the plaintiff. Nor is there any good ground for the complaint that a new trial was denied.

Nothing substantial is found in other claims of error and therefore the judgment must be affirmed. It is so ordered.