No. 29,444.

F. C. WALKER, *Appellant*, v. W. F. REESE, *Appellee*.

(289 Pac. 425.)

Opinion filed July 5, 1930.

*Lester Luther*, of Cimarron, and *E. C. Minner*, of Dodge City, for the appellant.

No appearance was made for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an action on a negotiable promissory note, promising to pay the sum of $600 with interest at eight per cent per annum. Judgment was rendered in favor of the plaintiff for $150. He appeals.

The petition was in the ordinary form, by an indorsee, the holder in due course, of a negotiable promissory note. The answer denied the execution of the note, alleged that if it had been signed by the defendant his signature had been procured by fraud, denied that the plaintiff had given any consideration for the note, denied that he was the holder thereof in due course, and alleged that if he acquired the note he did so with knowledge of the infirmities alleged. There was evidence which tended to prove that the note had been given by the defendant to the payee named therein for the accommodation of the latter. No evidence has been abstracted to show any other defense to the note.

The jury answered special questions as follows:

"1. Did defendant, W. F. Reese, sign the note in suit? A. Yes.
"2. Did Clay McKibben sell and indorse said note to plaintiff? A. Yes.

"3. What did plaintiff pay Clay McKibben for said note? A. $150.

"4. Is plaintiff the owner and holder of said note? A. Yes.

"5. At the time he purchased said note did plaintiff have actual knowledge that it was an accommodation note? A. No.

"6. If you answer question No. 5 in the affirmative, then from whom or from what source did plaintiff acquire such actual knowledge. A. ———.

"7. Did the plaintiff act in good faith in the purchase of said note? A. No."

The plaintiff filed a motion to set aside the answer to question No. 7. That motion was denied. Complaint is made of the order denying that motion. The only evidence which tended to prove that the plaintiff acted in bad faith in acquiring the note, which was dated "November 12, 1926," and due in six months, was that he did not make any inquiry concerning the validity of the note or concerning the transaction out of which it arose, that he paid $150 for the note, and that with the note was a writing signed by the defendant, as follows:

NOVEMBER 12, 1926.

"My note this day given to Clay McKibben he may do with as he sees fit."

Admitting that the evidence was insufficient to charge the plaintiff with knowledge that the note had been given by the defendant for the accommodation of Clay McKibben, the payee named in it, what effect does that have on the liability of the defendant? The plaintiff's right to recover depends on section 52-306 of the Revised Statutes, which reads:

"An accommodation party is one who has signed the instrument as maker, drawer, acceptor or indorser without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

Under the statute, the fact that the note was given for the accommodation of the payee named in it does not relieve the defendant from liability to the plaintiff, who is the holder of it by indorsement before maturity. Even if the note was an accommodation note, defendant was liable to the holder thereof if that holder paid value for it, although he may have known at the time he purchased the note that it was an accommodation note. This conclusion accords with the statute quoted. Any other conclusion would be in conflict with that statute.

In 8 C. J. 263 it is said:

"The defense of want of consideration is available only against the party accommodated, and it is immaterial that the holder knows that the paper is accommodation paper."

In *Security Nat'l Bank v. West,* 120 Kan. 434, 437, 243 Pac. 1014, this court used the following language:

"The plaintiff's theory is that Stryker in each instance, in order to obtain $2,000 to pay the defendant on account, induced the defendant to give the bank a note for $2,000 as an accommodation to Stryker, who used it to obtain from the bank that amount, which he then paid to the defendant on account. If the facts are found in accordance with this theory the defendant is liable, notwithstanding he received nothing for the note, and the bank knew it. The bank, having parted with its money for the note, would be a holder for value with knowledge that the note was given for the accommodation of Stryker, and therefore entitled to enforce payment. (R. S. 52-306; 8 C. J. 263.)"

The first paragraph of the syllabus in *Skaer v. American Nat'l Bank,* 127 Kan. 682, 275 Pac. 185, reads:

"In an action to cancel a negotiable promissory note and to enjoin its sale on the ground, among others, that it had been given for the accommodation of the payee, it was error for the court to instruct the jury that it would be sufficient to defeat the note to prove that it was given for the accommodation of the parties, where there was evidence tending to prove that the payee was a holder for value and that the note had been given for the accommodation of others."

On the trial of the present action the court instructed the jury that—

"If you find that at the time of the purchase of said note plaintiff knew that the said note was an accommodation note, or that the plaintiff in the taking of said note under the circumstances shown in evidence did not act in good faith, as hereinafter explained, then the plaintiff would be entitled to recover from the defendant the amount he actually paid for said note with interest at eight per cent per annum from the date of said note."

On page 265 of 8 C. J. the writer says:

"The courts are not in agreement as to the rights of a holder who has taken paper at less than its face value, or who has, on the security of the paper, advanced a sum less than its face value. By the better doctrine a holder of accommodation paper is entitled to recover the face value of the instrument, although he gave a less sum therefor. It has been held, however, that the holder's right of recovery against accommodation makers or acceptors is limited to the amount of the consideration which he has given for the instrument, although he has purchased the entire interest in the paper." (See, also, 3 R. C. L. 1068 and 1137; 5 Uniform Laws, Annotated, 245.)

If the plaintiff is entitled to recover on the note he is entitled to recover the full amount named therein. The amount he paid for the note is immaterial, so long as he gave value for it. It was error to give the instruction quoted. Under the findings of the

jury the plaintiff was entitled to judgment for the full amount of the note with interest thereon.

Other matters are presented, but it is not deemed necessary to discuss them.

The judgment is reversed, and the trial court is directed to render judgment in favor of the plaintiff for the full amount of the note and interest thereon at the rate of eight per cent per annum from its date.