No. 29,592.

CHARLES W. JOHNSON, Receiver for the Douglas County Farmers Union Bank, *Appellee*, v. E. H. GOFF, *Appellant*.

(293 Pac. 762.)

Opinion filed December 6, 1930.

*Edward T. Riling* and *John J. Riling*, both of Lawrence, for the appellant.
*J. B. Wilson*, of Lawrence, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action on a promissory note. The trial court sustained plaintiff's demurrer to defendant's answer and gave him time to plead. He did not do so, and judgment was later rendered against him by default. He has appealed and contends that the court erred in sustaining the demurrer to his answer.

The note in question was made payable to the Douglas County Farmers Union Bank. The petition alleged that for several years prior to February 28, 1928, that bank was doing a banking business as a partnership; that it failed and was taken charge of by the bank

commissioner, as provided by law. The note in question was dated August 28, 1927, due in six months. Defendant, in his answer, admitted the execution of the note. It appears to have been a renewal of one given at the time the bank was organized. The answer alleged that certain representatives of the bank, intending to secure a charter from the charter board of the state for the bank, did not have money and credit on hand sufficient to secure such a charter and asked this defendant to execute the note, to be used with other notes obtained under like circumstances, as an asset in obtaining the charter for the bank, representing that the note would be used for that purpose only; that these representations were false, and the note given in reliance upon them.

As a second defense it was alleged that the bank's representatives agreed with defendant before the execution of the note that it was to be used only as an asset in getting the charter. It was further alleged that the note was given merely as an accommodation to help the credit of the parties organizing the bank, and without consideration.

Appellant relies upon *Farmers State Bank v. Montgomery*, 129 Kan. 203, 282 Pac. 741, and allied authorities, to the effect that as between the immediate parties it may be shown as a defense that a note was given without consideration and as an accommodation to the payee. The answer does not bring the defendant within the rule of the authorities relied upon, nor within the term "accommodation party" as that is defined by our statute (R. S. 52-306). It is clear from the answer that the note was given as a contribution to the capital of a bank which was to be organized and operated as a partnership. The very purpose of the capital of such an organization is that it be used, if necessary, to pay creditors. In this instance the bank had failed, a receiver was appointed, and the sum was needed for the purpose for which it was originally given. The answer, therefore, did not state a defense to the note, and the judgment of the court below is affirmed.