No. 30,475.

THE HUTCHINSON WHOLESALE GROCERY COMPANY, *Appellant,* v. THE HUDSON STATE BANK, *Appellee.*

(11 P. 2d 277.)

Opinion filed May 7, 1932.

*C. M. Williams, Frank U. Russell* and *D. C. Martindell,* all of Hutchinson, for the appellant.

*Robert Garvin, Evart Garvin* and *Morris Garvin,* all of St. John, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by the Hutchinson Wholesale Grocery Company against the Hudson State Bank, to

recover for groceries sold and delivered by plaintiff to the Hudson Cash Store operated by S. H. Haile, and it is alleged the Hudson State Bank guaranteed payment of the indebtedness of Haile. The court ruled and adjudged that there was no legal guaranty of the indebtedness by the bank, and no legal liability of the bank for the goods purchased by S. H. Haile. Plaintiff appeals.

It appears that one Sells owned and operated a grocery store in Hudson, and that he made a sale of the store to Haile in the latter part of August, 1927. Haile had been an employee of Sells prior to the time of sale. It is in testimony that Haile was without money to make the purchase and that he was advised by E. O. Anderson, the cashier of the Hudson State Bank, to make the purchase and he would receive assistance. A loan was made by the bank to Haile at that time of $1,000, which was used by Haile in paying Sells and some of the creditors of Sells, a part of the debts due to the bank at that time, and in order to assist Haile the following letter was written by Anderson, the cashier, and delivered to Haile:

*"To Whom This May Concern:*            August 31, 1927.

GENTLEMEN—This is to certify that Mr. S. H. Haile is manager of the Hudson Cash Store, Hudson, Kansas. It is by request of him that I am asking that in selling merchandise to him for this store, that you please send invoices to Mr. S. H. Haile and copies of the bills to this bank. We will see that payments are made by draft as per the instructions of bills sent. Thanking you for this courtesy, we are          Yours very truly,

THE HUDSON STATE BANK,<br>By E. O. ANDERSON, <i>Cashier.</i><br>S. H. HAILE, Manager of Hudson Cash Store."

The letter was used by Haile in purchasing goods from wholesale grocery companies. Haile failed to pay for the goods purchased or to pay the bank the note for $1,000, and later the bank recovered a judgment thereon after Haile had made an assignment for the benefit of creditors. It was found that no authority had been given Anderson, the cashier, by either the president or board of directors of the bank to enter into the grocery business or to guarantee grocery bills.

The bank invokes the doctrine of *ultra vires* and it is conceded that the contract of the cashier was beyond his power or the powers of the bank, but it is insisted that the bank is estopped from relying on the doctrine of *ultra vires* by reason of the fact that it obtained benefits from the transaction. The benefit claimed is that

the note of Haile operating the cash store became the property of the bank and passed into its assets, which was afterwards reduced to a judgment which remains the property of the bank. There is the additional claim that the money derived from the sale of the store to Haile through the loan was used in paying obligations against the Sells store, some of which were due to the bank. It appears, however, that on September 26, 1927, and before the sale of the goods by plaintiff to Haile, the plaintiff made the following inquiry of the bank:

"GENTLEMEN—Mr. D. H. Haile advises us that he has purchased the Sell Cash Store, your city, and he has given you as reference.

"We will appreciate any information you can give us in regard to the character, integrity and financial ability of Mr. Haile. We would also like to know his net worth.

"Assuring you that your reply will be held strictly confidential and that we will in no way hold you liable, we are,      Very truly,

THE HUTCHINSON WHOLESALE GROCERY COMPANY.
W. H. D. WOOD."

To which the following answer was made:

"Mr. Haile is the new merchant in the Hudson Cash Store, and we are backing him. He is supposed to sell and buy on cash basis only.

E. O. ANDERSON, *Cashier*."

The trial court, in a memorandum opinion stating the findings and grounds on which its judgment was founded, held that the bank which was organized under the laws of Kansas had no authority to go into the grocery business or to guarantee grocery bills; that it had not authorized Anderson, the cashier, to give the letter on which plaintiff relies, and that the directors had not expressly nor had they by implication of silence assented to the act of Anderson. The court further held that even if the directors of the bank had undertaken to guarantee the grocery bills, it would have been beyond their authority; but that neither the board nor the stockholders had expressly or impliedly assented to the action of the cashier in asking jobbers to sell merchandise to Haile and the bank would see that the bills for groceries were paid, and that all persons dealing with Haile were bound to know at their peril that the act was in excess of its authority. Even if it had done so, it is clear that such action would have been void. Our statute provides that—

"No bank shall employ its moneys directly or indirectly in trade or commerce by buying and selling goods, chattels, wares and merchandise." (R. S. 1931 Supp. 9-111.)

See, also, *Discount Co. v. Bank,* 101 Kan. 253, 166 Pac. 476; *Ingersoll v. Bank,* 110 Kan. 122, 202 Pac. 837.

It would seem, too, from the record that under the letter of September 25, 1927, which was written prior to the sale of the goods by plaintiff, that neither of the parties understood that the letter of Anderson was a guaranty of the bank that the defendant would pay the bills. The letter, as we have seen, was asking information as to the character, integrity and financial ability of Haile, and added that: "We will in no way hold you liable." Anderson, the cashier, in an answer after stating that Haile had purchased the store, and that they were backing him, added: "He is supposed to sell and buy on cash basis only." This answer was notice to plaintiff to deal with Haile on a cash basis only and not to sell goods to him on a credit basis and expect the bank to pay grocery bills. Plaintiff, however, recognizes the rule that such a guaranty as they claim under was outside of the scope of the authority and power of the bank, but they insist that the doctrine of *ultra vires* may not be invoked as a defense by a defendant who accepts and retains the benefits of its unauthorized acts. Plaintiff attempted to show that the bank had an interest in Haile's store, and some evidence of Haile tended to show that fact, but evidently his testimony was discredited by the court, and on all the evidence the court held that the bank had no interest in the store.

It is a well-established doctrine that a principal cannot repudiate the authority of an agent and invoke the rule of *ultra vires* where the principal has accepted and retains the benefits of the transaction. He cannot repudiate the authority of the agent and at the same time ratify the agent's authority by receiving and keeping the benefits of the unauthorized act. (*Means v. Bank,* 97 Kan. 748, 156 Pac. 701, and cases cited. See, also, *Nation v. Clay,* 125 Kan. 735, 266 Pac. 45; *Rife v. Docking,* 129 Kan. 812, 284 Pac. 391.)

It was rightly held by the court, we think, that the bank had not received any benefits from the sale of the groceries to Haile by plaintiff. Attention is called to the loan which was obtained by Haile from the bank, the proceeds of which were used in his purchase of the store and the carrying on of his business. That was an ordinary borrowing of money to complete the purchase and enable Haile to conduct the grocery business. Haile gave his note for the loan and thus created the relation of debtor and creditor. The bank could only look to the interest on the use of the money as its gain. It

is said that some of the borrowed money was used by Haile in discharging obligations of Sells to the bank, but these were Sells' obligations and the bank cannot be liable for an unauthorized act of an officer because of the payment by another of the obligation he owed the bank. That debt would have been payable and its collection enforceable whether or not Haile was successful in business or whether the money acquired by Haile had reached Sells or other debtors of the bank. No part of the note which was executed before the Anderson letter was written has been paid by plaintiff. That letter did not change the relationship of Haile to the bank or have anything material to do with plaintiff's extension of credit to Haile. In no view of the case can it be said that the bank gained benefits in the transaction which estop it from availing itself of the lack of authority of one of its officers.

The judgment is affirmed.