No. 32,310

B. C. MENDELL, *Appellee*, v. THE UNION STATE BANK of CLAY CENTER, *Appellant*.

(45 P. 2d 869)

Opinion filed June 8, 1935.

W. T. *Roche,* of Clay Center, for the appellant.

C. *Vincent Jones,* of Clay Center, for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action for recovery of money from a bank based on its alleged acceptance of an order to pay money to the holder.

After the petition had been filed and the defendant had answered both parties moved for judgment on the pleadings. The trial court expressed its perplexity in deciding the action on such basis, but after consideration, rendered judgment in favor of the plaintiff, and defendant appeals.

The principal difference between the parties is as to whether the order to pay was accepted by the bank or merely left there by the plaintiff. The pleadings disclose the following: The plaintiff Mendell sold goods for $315 to one Grannell, who owned some property mortgaged to one Swenson. It was agreed that the defendant bank, through its cashier, should sell the property to pay the mortgage. Grannell executed and delivered to Mendell a written order on the bank to pay Mendell the excess above the mortgage to the extent of $315, which order Mendell alleges the bank orally accepted. The sale was subsequently held and the bank had a balance of $173.40 applicable to payment to Mendell. The bank neglected and refused to pay Mendell promptly, and thereafter another

creditor of Grannell brought suit against him in a justice court and had garnishment process issued against the bank. Mendell was not a party to that suit. Although the bank seems to have informed the justice of the peace of Mendell's claim, no effort was made to have him made a party. As a result of that suit the bank paid $173.40, less some deductions, into justice court. The bank refusing to pay, Mendell filed his petition setting up the fact of the debt, the giving of the order, the sale of the mortgaged property and the excess in the hands of the bank, and its refusal to pay. The bank answered, admitting the allegations except it denied acceptance of the order and alleged Mendell left the order with its cashier, who took and retained it without making any statement as to whether it would be paid or not. It further alleged that subsequent to the action in the justice court it returned the order to Grannell upon his demand. It may here be remarked that the order was never produced, and just what its terms were is not clear. The bank further answered as to the suit in the justice court, and that it owed Grannell $173.40 and paid into justice court $164.40, the difference of $9 being used as costs and expenses, of which there is no detailed statement. It denied receipt of any consideration and alleged that it was not benefited by the transaction, and it also alleged that the acts of its cashier were *ultra vires.*

The parties do not agree as to what the issue is before this court, the bank stating the questions involved as being the power of the cashier to bind the bank by oral acceptance of the written order to pay, and the liability to a third party of a garnishee who pays money into court upon valid order. So far as is necessary Mendell's contentions will be noticed later. As has been mentioned, the order, or a copy of it, was not before the court. The bank treats it as though it were a bill of exchange and argues that under R. S. 52-1102, before it could be bound, its acceptance must have been in writing. Assuming it was a bill of exchange, under R. S. 52-1105 the bank had twenty-four hours in which to decide whether or not it would accept the bill, and under R. S. 52-1106 its failure in that period to return the bill, accepted or nonaccepted to the holder, is deemed an acceptance. It is not disputed that the order was received by the bank and was kept by it for a considerable length of time, being ultimately returned to Grannell, who was not entitled to it under any circumstances disclosed by the record. *Rambo v. Bank,* 88 Kan. 257, 128 Pac. 182, relied on by the bank, does not

support its contention that the acceptance must be in writing, for there the bank cashier orally stated a check would be good on presentation, but when the check was later presented refused to pay, as the drawer's credit with it was fraudulently procured. The question of receipt of the check and its retention in the bank for a period of twenty-four hours was not in that case and was not discussed.

Insofar as the bank contends that its payment into justice court by reason of garnishment proceedings is a defense is concerned, it may be noted that if the above order to pay was binding on the bank, then when it answered in the justice court that it had money belonging to Grannell it simply misconceived the legal situation as applied to the facts. Mendell was not a party to the suit in justice court, and under familiar principles of law is not bound by the judgment there rendered.

So far as the abstract shows the proceedings in the justice court, the bank's answer in garnishment did not disclose Mendell's claim to the money. By a *nunc pro tunc* order the justice of the peace found that the bank made known to that court that Mendell claimed the fund, and that court found the assignment was not legally accepted by the bank. Just how that finding could affect Mendell is not made to appear. The justice code (R. S. 61-1501) makes provisions of the civil code applicable under certain circumstances, and under the civil code (R. S. 60-953) provision is made that where any person other than the defendant claims the property in the hands of the garnishee, such claimant may be interpleaded. If the bank, as garnishee, wished to protect itself against Mendell's claims, of which it was obviously aware, there was a way it could have been done. When it did not do so it is not in a position now to assert that Mendell is bound by what happened in the justice court in a suit in which he was not a party.

And finally, the bank argues that it was an *ultra vires* act for the bank to accept the bill of exchange, citing *Ingersoll v. Bank*, 110 Kan. 122, 202 Pac. 837, in which it was held:

"A bank organized under the laws of this state has no authority to accept a bill of exchange payable at a future date, and if the cashier of a bank makes such an acceptance the bank cannot be held liable thereon where it does not receive any consideration therefor and does not realize anything out of the transaction." (Syl. ¶ 1.)

Assuming again that the order in the case at bar was a bill of

exchange, there is no doubt but that it was paid by the drawer by the sale of the mortgaged property, and that the bank received the consideration, a portion of which it retained for "costs and expense." Having received the consideration and retained a portion of it, the bank cannot now say it had no power to take the order to pay, or that having received the moneys of the drawer with which to pay it, that it was beyond its power so to do. As was said in *Hutchinson Wholesale Grocery Co. v. Hudson State Bank*, 135 Kan. 374, 11 P. 2d 277:

"It is a well-established doctrine that a principal cannot repudiate the authority of an agent and invoke the rule of *ultra vires* where the principal has accepted and retains the benefits of the transaction. He cannot repudiate the authority of the agent and at the same time ratify the agent's authority by receiving and keeping the benefits of the unauthorized act. (*Means v. Bank*, 97 Kan. 748, 156 Pac. 701, and cases cited. See, also, *Nation v. Clay*, 125 Kan. 735, 266 Pac. 45; *Rife v. Docking*, 129 Kan. 812, 284 Pac. 391.)" (p. 377.)

See, also, *Saylors v. Bank*, 99 Kan. 515, 163 Pac. 454. Mendell urges that the order to pay was not a bill of exchange, and it may be conceded that as pleaded it does not clearly appear that the instrument in question had all of the elements of a bill of exchange as defined in R. S. 52-1001. As the bank has elected to stand on the order as being a bill of exchange and on that basis is not entitled to a reversal, we need not consider the matter further.

It does not appear that the trial court erred in rendering judgment in favor of Mendell and against the bank, and its judgment is affirmed.