No. 32,463

The Durham State Bank, *Appellee*, v. Alex A. Wolf and Gustav Moritz, *Appellants*.

(51 P. 2d 980)

Opinion filed December 7, 1935.

*J. Graham Campbell, W. M. Glenn* and *Clifford E. Branch,* all of Wichita, for the appellants.

*W. H. Carpenter,* of Marion, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This was an action by the payee of a promissory note against two makers thereof. The petition contained the allegations usual in such an action. The defendant Wolf filed an answer and cross petition. The defendant Moritz filed a separate answer. No reply was filed. The trial court sustained plaintiff's motion for judgment on the pleadings. The defendants have appealed.

It will be necessary to consider the answers separately. As to each the ruling was proper unless the answer disclosed a meritorious defense. (*Nation v. Clay,* 125 Kan. 735, 266 Pac. 45.) The answer of the defendant Wolf admitted the execution of the note, but alleged that it was without consideration and given for the accommodation of plaintiff, and alleged facts relating to the execution of the note

in substance as follows: That on February 11, 1930, he sold to one Siegal a Ford automobile for $825; that Siegal did not have the money to pay for it, but offered as security certain jewelry; that he took Siegal to the bank and introduced him to its cashier; that Siegal negotiated with the bank for a loan of $825, to be paid in forty days, tendering the jewelry as security; that the bank took the jewelry as security, but asked Wolf to execute a note for the amount, which he did. There is no allegation that Siegal signed a note, nor that Wolf did not get from the bank the money represented by the note. Siegal paid nothing to the bank on the note. The jewelry which he left was later sold and the proceeds applied. Wolf renewed the note a number of times and made payments of interest and principal, reducing the debt to $527.60, being the amount of the note sued upon. By his cross petition he seeks to recover $568.22 paid by him on the note. It is obvious the statements in his answer that he executed the note without consideration and for the accommodation of the bank are negatived by the allegations of fact. He is the man who received the amount of the note in payment for the automobile, and the arrangement made was for his accommodation rather than that of the bank. It follows that his answer stated no meritorious defense.

The defendant Moritz alleged in substance that he had nothing to do with the transaction in its inception, nor with the first several renewals of the original note; that sometime after March 15, 1932, on which date the defendant Wolf had executed and delivered to plaintiff his note for $517, due in six months, the plaintiff requested this defendant to sign the note, and stated as its reason therefor that it would look better for the bank examiner and would pass his inspection, and that it would be an accommodation to plaintiff if this defendant would sign the note, and there would be no liability on the note so far as he was concerned, and upon these representations he signed the note; that he received no consideration for so doing; that the note was renewed several times, the note sued on being one of the renewals, and each renewal was signed by him at the request of the plaintiff and substantially upon the same representation as his first signature was obtained, and always after it had been signed by the principal maker, Wolf. The answer further adopts the answer of the defendant Wolf, and alleges because of the allegations therein Wolf is not liable. These last-stated allegations, of course, constitute no defense so far as the defendant Moritz is concerned.

We do not see, however, that they hurt the other part of his answer, if it states a defense.

It is elemental that the accommodated party to a promissory note cannot recover from the party accommodating him. (*Means v. Bank,* 97 Kan. 748, 156 Pac. 701; *Bank v. Watson,* 99 Kan. 686, 163 Pac. 637; *National Bank v. Williams,* 117 Kan. 501, 232 Pac. 252; *Hudson State Bank v. Richardson,* 128 Kan. 238, 276 Pac. 815; *Farmers State Bank v. Montgomery,* 129 Kan. 203, 282 Pac. 741; *Walker v. Reese,* 131 Kan. 200, 289 Pac. 425; *Lutz v. Peoples State Bank,* 135 Kan. 115, 9 P. 2d 997.) The accommodating party is liable only to a holder for value. (R. S. 52-306; *Security Nat'l Bank v. West,* 120 Kan. 434, 243 Pac. 1014.)

The answer of the defendant Moritz, disregarding the allegation pertaining to Wolf's answer, fairly raises the issue that he signed at the request of the plaintiff bank and for its accommodation. This defense may not be established by proof, but he is entitled to a trial of that issue if plaintiff denies it in a reply. A judgment against him on the pleadings was erroneous. The case presented by this answer is readily distinguished from *State Bank v. Olson,* 116 Kan. 320, 226 Pac. 995, cited and relied upon by appellee, and is also distinguished from *Swan Savings Bank v. Snyder,* 124 Kan. 827, 262 Pac. 547.

The judgment of the trial court is affirmed as to the defendant Wolf, and is reversed for further proceedings as to the defendant Moritz.