·No. 40,914

DON KIMEL, Executor of the Estate of John Mertes, Deceased, and GLEN MASTIN, *Appellants*, v. D. J. BRIGGS, *Appellee*.

(328 P. 2d 746)

Opinion filed July 7, 1958.

*Vincent L. Bogart,* of Wichita, argued the cause, and *W. D. Jochems, J. Wirth Sargent, Emmet A: Blaes, Roetzel Jochems, Robert G..Braden, J. Francis Hesse, James W. Sargent, Stanley E. Wisdom, Cecil E. Merkel, John W. Brimer,* and *Harry L. Hobson,* all of Wichita, were with him on the briefs for appellants. .

Appellee makes no appearance.

The opinion of the court was delivered by

SCHROEDER, J.: This is an action founded on a written instrument for the unconditional payment of money.

The petition alleges that the plaintiffs are the holders of a promissory note upon which there is due the sum of $3,000 together with interest at the rate of 6% per annum from the 19th day of May, 1956. A copy of the note was attached to the petition and by reference made a part thereof.

The trial court sustained a demurrer to the answer filed and thereupon the defendant filed an amended answer and cross petition which was *not verified.* The action was commenced between the original parties to the note but during the pendency of the action in the trial court one of the plaintiffs, John Mertes, died testate on the 9th day of March, 1957, and the action was revived in the name of Don Kimel, executor of the estate of the deceased plaintiff.

The amended answer of the defendant admitted the execution of the note and then alleged defensive matter which was also made the basis of the cross petition, the substance of which is immaterial to relate.

The plaintiffs filed a motion for judgment on the pleadings "for the reason that the amended answer and cross petition raises no issue of fact; states no defense to the petition filed herein by the plaintiffs, and states no cause of action against said plaintiffs." After hearing, the trial court overruled this motion. The journal entry recites:

"IT IS NOW THEREFORE, ORDERED, ADJUDGED AND DECREED that the motion of the plaintiffs herein for judgment on the pleadings should be, and hereby is, *overruled and that said defendant is hereby granted leave to file a verification to his amended answer filed herein."* (Emphasis added.)

The plaintiffs appeal to this court from the above order and the defendant (appellee) makes no appearance.

The appellants in their brief proceed directly to the question:

"Does an answer to an action based on a promissory note state sufficient facts to constitute a defense where the defense consists of a parol agreement executed prior to or contemporaneous with the execution of the promissory note, the effect of which would alter the terms of unconditional liability expressed by the note to one of conditional liability?"

Unfortunately, we do not reach this point. The decisive question is whether the appellants have an appealable order.

On appellate review this court has the duty to raise and determine the extent of its jurisdiction to hear an appeal where the record discloses the lack of jurisdiction, and it may dismiss the appeal although the parties have not raised the issue. (*Curtis v. Kansas Bostwick Irrigation District,* 182 Kan. 301, 320 P. 2d 783, and authorities accumulated therein.) The appellate jurisdiction of this court is only that conferred by statute. (Const., Art. 3, § 3.)

In all actions founded on written instruments for the unconditional payment of money, the defendant, his agent, or attorney, under the provisions of G. S. 1949, 60-729, is required to verify defenses contained in his answer, and this is true notwithstanding that the answer expressly admits the execution of the written instrument on which the action is founded. (*Christy v. Kinsinger,* 149 Kan. 437, 87 P. 2d 615.) Under such circumstances, where there is no showing that lack of verification was waived, the answer presents no issue. (*Topping v. Tuckel,* 159 Kan. 387, 155 P. 2d 427, and authorities cited therein.) See, also, *Wimmer v. Filizola,* 170 Kan. 476, 226 P. 2d 841.

In an action founded on a written instrument for the unconditional payment of money, where an unverified answer fails to raise an issue under G. S. 1949, 60-729, it is a common and proper practice for the plaintiff to move for and obtain judgment on the pleadings. (*Durham State Bank v. Wolf,* 142 Kan. 775, 51 P. 2d 980; *Lukomske v. Harris,* 143 Kan. 916, 57 P. 2d 20; *Rose v. Boyer,* 92 Kan. 892, 141 Pac. 1006; and *Nation v. Clay,* 125 Kan. 735, 266 Pac. 45.)

In the instant case, however, the trial court recognized that the amended answer of the defendant (appellee) had to be verified under 60-729, *supra.* Rather than sustain the motion for judgment on the pleadings, the trial court overruled the motion and granted the defendant leave to file a verification to his amended answer filed in the case. The record does not disclose whether this was on the motion of the defendant, or whether the defendant com-

plied by filing the verification. Presumably the defendant may still comply.

The code of civil procedure specifies the particular matters on which a trial court's rulings will supply the basis for an appeal to the Supreme Court. (G. S. 1949, 60-3302.) Resort to its provisions does not reveal that an order overruling a motion for judgment on the pleadings is one of them. Clearly this motion does not involve the merits of the action. It cannot be said that the ruling of the trial court is a final order, nor can it be said that it is equivalent to a ruling on demurrer, for if the motion were treated as a demurrer, it must concede. the facts alleged in the amended answer and cross petition as true. Without the amended answer and cross petition being verified, there exists no alleged defense to plaintiffs' petition. The amended answer has no force or effect. It is thus impossible at this time to look to 'the allegations of the amended answer to see whether a valid defense is stated.

The appeal is dismissed.